of ways—a rock from a tire of a passing truck, a rock hurled by the force of a power lawn mower, an extended limb of a tree, a baseball used in innocent play. Any of these could have been the "object" which was "caused" to enter the window. Plaintiff's second amended petition seeks to impose liability on the ground that since the defendant had knowledge of repeated incidents of objects being thrown it is responsible for any object which is caused to enter the bus regardless of the force or means used to propel it, and that by failing to equip its buses with the type of glass to resist any object it is thereby negligent. Such petition in effect makes the defendant an insurer of the safety of the plaintiff.

The petition alleging failure to install safety glass sufficient to resist the impact of any object caused to penetrate a window and injure a passenger in the context of this petition does not, therefore, in our opinion, state a claim upon which relief can be granted.

In the second amended petition there was no allegation (1) that the defendant had knowledge that the repeated incidents of objects being thrown at defendant's buses occurred in the vicinity where the incident allegedly occurred, (2) that the type of glass used in the bus was of substandard nature or different from that customarily used in the industry or violated any state or federal law or regulation, (3) that described the object which allegedly penetrated the window, (4) that the object was thrown through the window by some person, (5) as to how or in what manner the object was "caused to enter said bus," or (6) indicating the source of the force which hurled the object through the window.[6]

Failure to install a type of window glass in the window of a vehicle sufficient to resist penetration of an object is not negligent; negligence occurs when the carrier has knowledge of or can reasonably anticipate the force, means or conduct which causes an object to be propelled, hurled or thrown so as to penetrate the

window. No such knowledge or anticipation of danger is shown by this petition.

We are reluctant to dismiss a petition for failure to state a claim and foreclose the plaintiff an opportunity to proceed to a hearing. But plaintiff had two opportunities to amend her petition to attempt to state a claim. With these opportunities plaintiff undoubtedly stated all the facts within her power to state. Hence, we hold that the trial court did not err in sustaining the defendant's motion to dismiss.

The judgment is affirmed.

All the Judges concur.

**CITIZENS BANK OF DEXTER, a corporation, Plaintiff-Respondent,**

v.

**HALL TRAILER SALES, INC., a corporation, Defendant-Appellant.**

**No. 10363.**

Missouri Court of Appeals, Springfield District.

April 20, 1977.

---

6. Plaintiff frankly states in her brief that the ". . . force which hurled the object through the bus window can only be speculated at . . .."

Dexter in its suit on a promissory note. Judgment was entered and defendant Hall Trailer Sales, Inc., appealed. We affirm.

The verdict was received and judgment entered on January 30, 1976. The special judge hearing the case then granted defendant "thirty days within which to file motion for new trial." Defendant's motion for new trial was filed March 1, 1976.

Supreme Court Rule 78.04 provides that a motion for new trial "shall be filed not later than 15 days after the entry of the judgment on a jury verdict, which judgment shall be entered as of the date of the verdict." And under Rule 44.01(b) this time period cannot be extended by the trial court.

By reason of the provisions of Rules 78.04 and 44.01(b) the lower court was without jurisdiction to enlarge the time within which defendant could file its motion for a new trial. The order purporting to grant the defendant additional time was void and a nullity. Defendant's motion for new trial, filed more than 15 days after the judgment was entered, is also a nullity and preserves nothing for appellate review. Rule 78.07 requires that in jury tried cases allegations of error sought to be preserved for review must be included in a motion for new trial and this contemplates a timely motion for new trial under Rule 78.04.

Defendant acknowledges the trial court erred in granting 30 days in which to file its motion for new trial and concedes an untimely motion for new trial fails to preserve trial error for review. However, defendant seeks to invoke the plain error principle set forth in Rule 84.13(c). This rule provides we may consider, in our discretion, plain errors "affecting substantial rights" even though not properly preserved, when we find "manifest injustice or miscarriage of justice has resulted."

We have carefully reviewed the trial transcript and the briefs filed herein and conclude plain error amounting to manifest injustice or miscarriage of justice is not

Clarence A. Powell, John Wm. Ringer, Powell, Ringer & Ringer, Dexter, for plaintiff-respondent.

C. H. Parsons, Jr., Stephen R. Mitchell, Parsons & Mitchell, Dexter, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

A Stoddard County jury returned a verdict in favor of plaintiff Citizens Bank of

present. Defendant's principal point urging plain error is an attack on the verdict directing instruction. Considering the evidence and inferences favorable to the party offering the instruction [*Commerford v. Kreitler,* 462 S.W.2d 726, 728 (Mo.1971)], each of the disjunctive submissions of theories of recovery was supported by substantial evidence. *Saupe v. Kertz,* 523 S.W.2d 826 (Mo. banc 1975); *Johnson v. Bush,* 418 S.W.2d 601 (Mo.App.1967).

Plaintiff's motion to dismiss this appeal for defendant's alleged failure to comply with Rule 84.04(c) is denied. The judgment is affirmed.

All concur.

