**Ronald Lee CALLAWAY, Petitioner-Appellant,**

v.

**Lois Jean CALLAWAY (Howard), Respondent-Respondent.**

**No. 11106.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 29, 1979.

parent was ready, mature enough, to assume responsibility for Laura. As a result, by the decree of dissolution, the child was placed in the custody of the paternal grandmother, Eleanor C. Callaway. Perhaps implying this was a temporary award, the trial court added "until further order by the Court".

On May 15, 1977, Lois married Clayton Howard. On September 6, 1977, she filed a motion to modify the decree and gain custody of her daughter. The paternal grandmother was in effect permitted to intervene and participate in the hearing in opposition to the motion. A detailed statement of the evidence would serve no useful purpose. The mother's evidence may be summarized: she now has a stable home life; she and her present husband, who is regularly employed, are able and desirous of providing a home for the child. She also presented evidence of a growing bitterness between herself and the paternal grandmother and unsatisfactory circumstances surrounding visitation. Credence is lent to this too often appearing problem by the assertive testimony of the grandmother which is reflected in the Home Study Report as follows: "[S]he honestly admits she doesn't care for Mrs. Howard and really wishes she would move away and leave them alone." The paternal grandmother resisted the motion citing the mother's instability, her lack of interest in the child, and the desire and ability of the grandparents to care for the child. It was not asserted that the father, who lived with his parents, was desirous or capable of assuming responsibility for the child.

The trial court found the issues in favor of the movant and placed the child in custody of her mother, with the father and grandmother to have visitation from 6:00 p. m. each Friday until 6:00 p. m. each Saturday. The father was ordered to pay $10.00 per week child support. The father appeals.

The scope of review by this court is more than well established: "[T]he order of the trial court will be sustained unless there is no substantial evidence to support it or is against the weight of the evidence

Loren R. Honecker, Honecker & Bender, Springfield, for petitioner-appellant.

Charles E. Lee, Walker, Salveter & Stoner, Springfield, for respondent-respondent.

MAUS, Judge.

This is an appeal from an order of modification of child custody. Ronald Lee Callaway and Lois J. Callaway were married when he was 18 and she was 15 years of age. Laura J. Callaway was born to this marriage on August 23, 1974. After a brief unsettled period their marriage was dissolved on November 24, 1976. At that time Laura had been in the care of her paternal grandparents for approximately six months. The circumstances of her parents were summarized in the Home Study Report: neither

or erroneously declares or applies the law. . . . We set aside a decree as against the weight of the evidence only 'with a firm belief that the decree . . . is wrong.'" *Cook v. Lodes*, 560 S.W.2d 64, 65 (Mo.App.1977). Remarriage of a non-custodial parent is not per se a basis for modifying a decree to grant custody to that parent. However, where a mother, who has been denied custody in favor of a non-parent because of her parental immaturity, shows a remarriage, coupled with increased maturity and the desire and apparent ability to be a parent in fact, there should be no doubt such circumstances may be the basis for modification. *Meinking v. Meinking*, 529 S.W.2d 440 (Mo.App.1975). In similar circumstances it has been said: "Certainly, as against the claim of grandparents, the right of the natural mother fit for custody is paramount." *Downing v. Downing*, 537 S.W.2d 840, 844 (Mo.App.1976). The basis for the modification was intensified by the bitter relationship between the grandmother and mother and difficulties in visitation found to exist. *R. L. S. v. J. E. S.*, 522 S.W.2d 5 (Mo.App.1975). In their exceptionally well constructed and literate brief, the appellant argues the child should not be removed from the proven environment of the grandparents to the untested environment of the mother. However, if this argument was controlling an errant but repentant and re-established parent could never, in the absence of deterioration of the custodial environment, regain custody of his or her child. This cannot be controlling. All too often trial courts must make a custodial choice which, regardless of the alternative required by a consideration of the evidence, will result in heartache to someone. In this case, to devoted grandparents. However, the order of modification is supported by substantial evidence and does not erroneously declare or apply the law and is affirmed.

All concur.