**Sherlyn Denise ESRY, Petitioner-Respondent,**

v.

**Gary Wayne ESRY, Respondent,**

and

**William E. Hill and Helen Hill, Movants-Appellants.**

**No. 12250.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 5, 1982.

Dan K. Purdy, Osceola, for petitioner-respondent.

James R. Sandifar, Bunch, O'Sullivan, Sandifar & Hill, Kansas City, for movants-appellants.

PREWITT, Presiding Judge.

This is a dispute over custody of a five-year-old male child, Brent Wayne Esry (Brent), the only child of the marriage of Sherlyn Denise Esry (Sherlyn) and Gary Wayne Esry (Gary). Appellants are the parents of Sherlyn and contest the trial court granting custody of Brent to her.

Sherlyn's and Gary's marriage was dissolved by the circuit court of Cedar County on December 18, 1978, and Sherlyn was granted custody of Brent. On August 8, 1979, Gary filed a motion to modify the original decree seeking custody. Sherlyn then filed an application for change of judge which was granted on October 29, 1979, thereby disqualifying the regular circuit judge. Judge Raymond T. Huesemann was assigned to handle the matter by order received in the circuit clerk's office November 19, 1979. On December 26, 1979, appellants filed an application for reasonable visitation rights with Brent and a motion to intervene, both "Pursuant to 452.400 R.S. Mo., 1979, Section 3."

On January 16, 1980, Gary filed a motion for contempt and temporary custody pending determination of his motion to modify. He requested temporary custody in himself and an order authorizing the maternal grandparents to have physical custody of Brent in the event Gary was unable to have physical custody because of his employment. That day the regular circuit judge, who had granted the application for change of judge, entered an order denominated "CITATION FOR CONTEMPT, ORDER TO SHOW CAUSE AND ORDER OF TEMPORARY CUSTODY" granting temporary custody of the child to Gary or if he is unable "to pursue and take physical custody of said minor child from the petitioner, it is ordered that the maternal grandparents, William E. Hill and Helen Hill, . . . shall be empowered to take the physical custody of said minor child from the petitioner".

On January 23, 1980, a motion for transfer of custody was filed by Gary Wayne Esry requesting "full and permanent custody" of the child. That day the regular circuit judge made an "ORDER OF TRANSFER OF PERMANENT CUSTODY" transferring custody of the child to Gary. The order provided "that the maternal grandparents, William E. Hill and Helen Hill, or either of them, shall be impowered to take the physical custody of said minor child from the Petitioner, Sherlyn Denise Esry, and deliver him to the custody of the Respondent, Gary Wayne Esry; further, said William E. Hill and Helen Hill are authorized to bring any action or proceedings on behalf of the Respondent, Gary Wayne Esry, in any Court, to enforce or carry out the provisions of this order."

Apparently both the motion for contempt and temporary custody and the motion for transfer of custody were heard and the orders were issued without notice or service upon Sherlyn or her attorney of record. Pursuant to those orders, on January 29, 1980, "four policemen" came to Sherlyn's home in California and took Brent. There were court proceedings in California, but what transpired is not in the record. In any event, Brent was returned to Missouri and appellants apparently took physical custody of him. On February 13, 1980, Sherlyn moved to set aside the citation for contempt, order to show cause and order of temporary custody and the order of transfer of permanent custody, because of the disqualification of the judge who had entered them. On February 21, 1980, Judge Huesemann set those orders aside and ordered the "Temporary custody of minor child placed in Wm. E. & Helen Hill, maternal grandparents pending March hearing."

On March 31, 1980, the parties and their attorneys appeared and presented evidence. The judge entered an order which said that he took Gary's motion to modify "under advisement for 6 months and temporarily places care, custody and control of Brent Wayne Esry with Wm. E. and Helen Hills,

maternal grandparents, subject to reasonable visitation by both Petitioner and Respondent . . . and dismisses motion for reasonable visitation previously filed by Wm. E. and Helen Hill."

Sherlyn remarried on September 7, 1980 and was living in California with her new husband and his thirteen and sixteen year old sons. On January 21, 1981, Sherlyn filed a "MOTION FOR RESTORATION OF CUSTODY OF MINOR CHILD", seeking to have custody of Brent. On March 11, 1981, the trial court held a hearing to take up or "review" all motions regarding custody of Brent. The parties stipulated that this hearing was to determine who should have custody of Brent. At the conclusion of the hearing custody was granted to Sherlyn. Appellants contend here that there was not a sufficient change of circumstances shown to warrant the trial court's transferring custody of Brent from them to Sherlyn. They also contend that the trial court erred in not sustaining their motion for new trial because of certain "newly discovered evidence" alleged in the motion.

Sherlyn contends that appellants have no standing to prosecute this appeal, relying on *Lipsey v. Lipsey*, 464 S.W.2d 529 (Mo.App. 1971). There grandparents had custody of minor children under a court order. Pursuant to a motion to modify, custody was granted to the mother. Although the appeal was by the father, the court there noted that it was for the benefit of the grandparents and that they have neither standing to litigate a motion to modify nor enforceable custodial rights by reason of their past actual custody. 464 S.W.2d at 531. Numerous cases make similar statements. See *In re Duncan*, 365 S.W.2d 567, 570, 4 A.L.R.3d 1270 (Mo. banc 1963); *In re Wakefield*, 365 Mo. 415, 283 S.W.2d 467, 473 (banc 1955); *Stockton v. Guthary*, 415 S.W.2d 308, 311 (Mo.App.1967); *Neustaedter v. Neustaedter*, 305 S.W.2d 40, 43 (Mo. App.1957); *Schumacher v. Schumacher*, 223 S.W.2d 841, 844 (Mo.App.1949); *Hupp v. Hupp*, 238 Mo.App. 964, 194 S.W.2d 215, 220 (1946).

■ Appellants contend that they are aggrieved parties under § 512.020, RSMo 1978. They rely on *Frederick v. Frederick*, 617 S.W.2d 629 (Mo.App.1981), *Elliott v. Elliott*, 612 S.W.2d 889 (Mo.App.1981), and *Warman v. Warman*, 496 S.W.2d 286 (Mo. App.1973). *Elliott* and *Warman* state that grandparents who have custody under a court order may contest a motion to modify. However, in neither case does it appear that the order granting custody was temporary as were the only valid orders granting custody to appellants here. Except for temporary custody, the only valid custody order was that giving custody of Brent to Sherlyn. *Frederick* held that an aunt who had physical custody without a custody order had standing to contest a motion for change of custody pursuant to § 452.485, RSMo Supp. 1979. Because of the manner in which appellants obtained actual custody of Brent and the temporary nature of the custody orders thereafter, we doubt whether the cases appellants rely on are applicable and question their standing to maintain this appeal. However, because of the nature of the dispute we will resolve these doubts in favor of appellants and determine the appeal on its merits.

■ In our review we defer to the finding of the trial judge unless we are firmly convinced that the welfare of the child requires some other disposition. *In re Marriage of Wofford*, 589 S.W.2d 323, 326 (Mo. App.1979). Where the courts are faced with a choice between a natural parent and third persons, they have usually been unwilling to disregard the traditional belief that it is in the best interest of a young child to be placed in the custody of a natural parent, unless both parents are unfit to have custody. Id.

■ There was evidence that Sherlyn has remarried, established a home in California, and would be able to adequately care for Brent. Prior to her moving to California appellants had actual custody of Brent a substantial part of the time. A mother's remarriage, coupled with increased maturity and the desire and apparent ability to be a parent in fact, are suffi-

cient circumstances to grant custody to her as opposed to grandparents who had custody because of her parental immaturity. *Callaway v. Callaway*, 590 S.W.2d 700, 702 (Mo.App.1979). Sherlyn should not be denied custody just because she now lives in California. It is proper to allow children to be removed from this jurisdiction where it is in the best interest of the child. *In re Marriage of Wofford*, supra, 589 S.W.2d at 326. The trial judge was in a better position than we are to determine whether Sherlyn is able to care for Brent and whether granting her custody was in Brent's best interest. We are not firmly convinced that his determination was erroneous.

We cannot consider the allegations contained in appellant's motion for new trial because it was not timely filed. A motion for new trial shall be filed not later than 15 days after the entry of the judgment. Rule 73.01(a)(3); Rule 78.04. The judgment was entered on March 11, 1981, and the motion for new trial was filed April 10, 1981. A motion for new trial filed more than 15 days after the judgment was entered preserves nothing for appellate review. *Citizens Bank of Dexter v. Hall Trailer Sales*, 550 S.W.2d 233, 234 (Mo.App. 1977).

The judgment is affirmed.

MAUS, C. J., and BILLINGS, J., concur.