Jimmy Gene VANDEGRIFF,
Respondent,

v.

Pamela VANDEGRIFF, Defendant,

Donna Vandegriff, Intervenor-Appellant,

Bernard Vandegriff, Intervenor.

No. WD 36560.

Missouri Court of Appeals,
Western District.

Aug. 13, 1985.

James J. Wheeler, Keytesville, for intervenor-appellant.

Douglas E. Sittler, Moberly, for respondent.

Before DIXON, P.J., and SOMERVILLE and NUGENT, JJ.

DIXON, Judge.

The trial court entered an order modifying an original divorce decree in its provision for physical custody of a child. The intervenor Donna Vandegriff has appealed.

The child, Jacqueline, whose custody is at issue, was born in England in April 1978. Jimmy Gene Vandegriff, the petitioner, is the father. The mother is Pamela Vandegriff, an English national. Jimmy was in the United States Air Force at the time of Jacqueline's birth and continues in that occupation. The parents and child came to the United States in July 1978 when Jimmy was stationed at Randolph Air Force Base in Texas. In September 1979, Jimmy was transferred to Japan. Pamela returned to England, and the child was placed in the physical custody of Bernard and Donna Vandegriff, Jimmy's father and stepmother. In July of 1980 the Circuit Court of Randolph County, Missouri, entered an "interlocutory" decree in a divorce action brought by Jimmy against Pamela. The "interlocutory decree" made the jurisdictional findings for a dissolution decree and concluded with an order to Pamela to show cause why on September 17, 1980, a decree of dissolution should not be entered and general custody of Jacqueline awarded to Jimmy with physical custody in Bernard and Donna.

On the September date, the court entered a decree of dissolution, the pertinent portion of which reads as follows:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the marriage of the parties is dissolved, it is further ordered, adjudged and decreed that the general custody of the minor child of the marriage, Jacqueline Vandegriff, born April 24, 1978 in Ipswich, Suffolk County, England is awarded to Petitioner with Petitioner's parents, Bernard Vandegriff and Donna Vandegriff, having physical custody subject to reasonable visitation by Respondent ...

Jimmy remarried in December 1981. Sometime in 1982, he was sent back to the United States by the Air Force and stationed at Langley Field in Virginia, but later he was returned to duty in Japan. During the time Jacqueline was in the physical custody of Bernard and Donna, Jimmy sent money for her support and wrote to Donna regularly. He also visited the child on his annual leaves. Bernard and Donna separated in 1982 and were eventually divorced. Donna moved from Moberly, Missouri to Hannibal, Missouri and took Jacqueline with her. Jimmy's remarriage was also a cause of friction because of Bernard's concern about the wife's race. At some point in early 1984, the continuing difficulty between Donna and Bernard over the physical custody of

Jacqueline caused Donna to contact Jimmy. Bernard had taken the child and refused to return her to Donna. Jimmy returned from Japan to Missouri in June 1984 and attempted to obtain physical custody of the child from his father and then later with the aid of a writ of habeas corpus did obtain the child. The court gave Jimmy full custody but directed him not to remove the child from Missouri until the custody issues were fully resolved. Jimmy left the child with his natural mother and his present wife from June 1984 until the time of the hearing.

When the habeas action was commenced, Donna and Jimmy filed motions to modify; ultimately, Bernard did also. All of the motions were finally heard in October 1984. Only Donna has appealed from the court's order, which gave Jimmy actual and legal custody and provided for visitation by Donna and Bernard.

When Donna's brief as appellant was filed, the court struck the brief for noncompliance with the rules, specifying that the brief failed to cite page references and that the points failed to conform with the requirements of Rule 84.04(d). An amended appellant's brief was filed and the respondent filed a motion to dismiss, contending that the points relied on were still defective and that the statement of facts was argumentative and unfair. The respondent's contentions are largely correct and this appeal could be dismissed. Despite that conclusion, the merits of the appeal will be addressed to the extent they can be discerned, because of the unusual facts concerning the child's custody.

The appellant's first point seems to argue that the trial court erred because there had been no showing of a change in circumstances of the child or her custodian and that there is no evidence to support a finding that it is in the child's best interest to modify the decree as to custody.

First of all, it is necessary to define the change that the court ordered. The decree simply reaffirmed the legal and actual custody of the natural father. The change, if there was any, related only to the physical custody of the child. As the father, Jimmy, points out, the issue of physical custody was foreclosed by the court's finding in the habeas action "that the Petitioner, Jimmy Gene Vandegriff, is entitled to immediate physical custody of Jacqueline." The trial court necessarily construed the original decree as recognizing the predecretal arrangement by which Jimmy put the child in the physical custody of his father and stepmother as a matter of permissive custody.

■■■■ Even if it is assumed that the court modified the original decree by ending Donna's "right" to physical custody, there was ample evidence to support such an order. There was a change of circumstance as to the "custodian," Donna. She is now divorced and has no relationship, even by marriage, to the child. The original custodial arrangement was to a stable, married couple. That stability has been destroyed by divorce and Donna's present circumstances are not conducive to a permanent custodial arrangement. The father, Jimmy, has remarried and has a stable home environment for the child, a situation which did not exist initially. Jimmy has progressed in his chosen occupation and can provide a proper home for Jacqueline. It has been consistently held that a natural parent's right to custody is superior to other claimants, *In Re Wakefield,* 365 Mo. 415, 421, 283 S.W.2d 467, 472 (banc 1955). Evidence of the natural parent's unfitness or inability to provide care for the child and evidence that the best interests of the child will be served by another's custody must be present before competing nonparental custodial claims will be recognized. The standard of review is, of course, that set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), i.e., the trial court judgment shall be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declared the law,

or erroneously applied the law. Viewed in this light, there is no evidence of unfitness of the father and there is evidence that the continuation of physical custody in Donna would not be in the child's best interest. In *Callaway v. Callaway*, 590 S.W.2d 700 (Mo.App.1979), the court returned custody to a parent once found unfit in spite of the grandparents' claim to continued custody upon evidence no more, and perhaps less, persuasive than that present in the instant case. There is no basis to disturb the trial court's order on this ground. Nor is there any basis to find contrary to the trial court's finding that Donna's motion to modify be denied. If the appellant's second point raising this issue is understood, it is a claim that Donna's divorce from Bernard constitutes a change of circumstance justifying modification, and that the best interests of Jacqueline require "custody" be placed with appellant. What has been said with respect to the first point is sufficient answer to the second point also.

The third issue raised by appellant relates to an attempted amendment of the pleadings ten days before the trial. Donna sought to add a cross bill for adoption and a count for reimbursement for moneys expended for support of Jacqueline. The trial court refused to permit the filing.

■ Donna asserts the trial court erred because the counts for adoption and money damages are within the scope of Rule 55.06. In *Sturgis v. Sturgis*, 663 S.W.2d 375, 385 (Mo.App.1983), the court held that a wife's contract action arising out of the marital relationship could be joined in a dissolution action under Rule 55.06. It has not been decided whether an intervenor in a motion to modify a custody provision in a dissolution decree is "asserting a claim to relief as an original claim, counterclaim, cross claim, or third-party claim," nor need that issue be decided in this case. Even assuming that the tendered claims were appropriate for joinder in this action, they were by amendment and thus subject to Rule 55.33. As such and

since made after the case was set for trial, the trial court within its discretion could refuse to permit the amendment. *Young v. Jack Boring's, Inc.*, 540 S.W.2d 887, 891 (Mo.App.1976). Considering the circumstances of Jimmy, vis-a-vis his inability to return for another trial date, and the failure of Donna to give any reasons for the delay in filing, and, above all else, the inability of Jimmy to meet the issue presented within the ten days before trial, no abuse of discretion can be found. *Baker v. City of Kansas City*, 671 S.W.2d 325, 329 (Mo.App.1984).

■ Finally, Donna claims the trial court erred in denying admission of her proffered evidence that Jimmy had abused Jacqueline by striking her while he was married to Pamela and in denying admission of the medical records from England which Donna contends show Jimmy to be unfit.

Section 452.410 RSMo Supp.1985 reads in pertinent part as follows:

> The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen *since* the prior decree or that were *unknown* to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

(Emphasis added.) There was no claim or proof that this evidence was not before the trial court at the time of the entry of the original decree. In fact, Donna alleges to the contrary, asserting that this was known to the trial court in the original dissolution proceeding. The trial court did not err in refusing admission of the evidence. The hospital record has been examined and even if admitted and given full credence, it would not require a different result.

■ Jimmy, as respondent, has filed a motion for attorney's fees asserting Sec-

tion 452.355, RSMo 1979 authorizes this court to award attorney's fees on the appeal. This court has no jurisdiction to award attorney's fees in the first instance. *Webb v. Webb*, 475 S.W.2d 134, 136 (Mo. App.1971); *Neustaedter v. Neustaedter*, 305 S.W.2d 40, 45 (Mo.App.1957). Jimmy also asserts Donna's appeal is frivolous and that damages should be assessed. Although the case presents no very close issue, the circumstances are such that it cannot be said that the issues raised are wholly devoid of merit. No damages for frivolous appeal will be assessed.

The judgment of the trial court is affirmed.

All concur.

C.J. Larkin, Columbia, for appellant.