**Charlotte Marcille ANDERSON (Hestand), Russell Warren Anderson, Respondents,**

**v.**

**Dale HALL and Flora Hall, Appellants.**

**No. WD 44146.**

Missouri Court of Appeals,
Western District.

Dec. 24, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1992.

**110**

William D. Adkins, Teresa M. Terry, William Adkins Law Firm, Liberty, for appellants.

Robert C. Paden, Jr., Paden, Welch, Martin & Albano, Independence, for Russell Warren Anderson.

Robert A. Sniezek, Kansas City, for Charlotte Marcille Anderson (Hestand).

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Russell Anderson filed a motion to modify a dissolution decree which awarded custody of his son, Russell Warren Anderson, Jr., to the child's maternal grandparents, Dale Hall and Flora Hall. The court ordered the custody changed to Anderson and the Halls have appealed. The Halls contend Anderson failed to show a change of circumstances which would authorize a change of custody. Affirmed.

There is little or no dispute as to the facts. The marriage of Russell and Charlotte was dissolved in September, 1987. Prior to the marriage being dissolved both Russell and Charlotte had used drugs and alcohol. At the time of the dissolution Russell lived with his parents and sister because he did not have his own home. At that time Russell was about 22 years old and unemployed. The son was about two years old at the time of the dissolution and Russell came to the conclusion that it was in the best interest of the son that he be placed in the custody of the Halls. The dissolution decree vested custody in the Halls and visitation was granted to Russell.

Within two days after the dissolution decree was entered, Russell went to Texas. He had two jobs of short duration but at the time of the hearing on this motion had been steadily employed for over 18 months and had been given advancements. Russell was employed by a business machine company and performed maintenance and repair on various business machines.

At the hearing on this motion Russell testified that he had remarried about a year prior to the hearing and that he and his wife had a four bedroom house located on about six acres. The lot is fenced in and they have two dogs. Russell's wife is a licensed practical nurse and Russell stated that she supported his effort to gain custody of his son completely.

Russell agrees that the Halls have taken good care of his son. They have taken care of various medical problems which appear to be of a minor nature and have furnished him with a good home with much love.

The principal contention between the parties arose prior to the hearing of this motion. The Halls contend that under § 452.-410, RSMo 1986, it was necessary for Russell to prove "that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." Russell took the position that under *Shortt v. Lasswell*, 765 S.W.2d 387 (Mo.App.1989), there is an exception to the requirement that there be a change of circumstances of the child or his custodian when a parent seeks custody of a child whose custody has been vested in a nonparent. The trial court took the view that the exception in *Shortt* applied and although findings of fact were not entered, it is apparent from the record that the court applied the rule in *Shortt* and ordered custody changed on finding that the change was in the best interest of the child.

On appeal the Halls renew their contention that there is no exception to the requirement of § 452.410 and that because Russell did not show a change in circumstances of the child or his custodian, the order changing custody cannot stand.

■ In *Shortt*, the court held that there is an exception to the requirement that there be a showing of a change of circumstances of the child or the custodian when

a parent seeks a change of custody from a nonparent. *Id.* at 388. In *Shortt,* much as in this case, the mother was not sufficiently mature to assume custody of the child. After the dissolution, she had remarried, established a stable home life, and was capable of caring for the child. The court in *Shortt* said the question presented was whether or not the cause for the placement of the child with the grandparents had abated, and if so, whether the mother was then fit for custody so that modification was necessary to serve the child's best interest.

This court finds *Shortt* to be controlling. As held in *Shortt* there is an exception to § 452.410 to the requirement of showing a change in the circumstances of the child or his custodian when a parent seeks custody from a nonparent. Therefore, the trial court did not err in applying the law set out in *Shortt* that Russell would not have to show a change of circumstances of the child or the Halls before a change of custody could be ordered.

▮ The evidence was that Russell had established a stable home, no longer indulged in drugs or alcohol, was married, and had a suitable home for the son. The evidence was sufficient to show that Russell had overcome the difficulties which confronted him at the time custody was awarded to the Halls.

The Halls contend that *In re Marriage of Carter,* 794 S.W.2d 321 (Mo.App.1990), abrogated the exception to the change of circumstances requirement. That is not the case. The court expressly recognized the exception stated in *Shortt. Id.* at 324. They further point to the holding in *Carter* "that when children have been in the custody of a grandparent, in the circumstances of the children in this case, the weight to be assigned to the factor of biological parentage is but scant." *Id.* at 325. The Halls overlook the clause "in the circum-

stances of the children in this case" in pressing their argument that little weight should be given to the fact that Russell is the biological parent. In *Carter* there was evidence of mistreatment of the children by the mother. For that reason the court made it clear that it gave little weight to the fact that a biological parent was seeking custody in that case. *Carter* does not stand for the general proposition that little weight should be given to the fact that it is a biological parent who is seeking custody.

No contention is made here that Russell has mistreated his son and therefore, the discussion in *Carter* is irrelevant to the issues presented in this case.

*Shortt* clearly holds that there is an exception to the change of circumstances requirement of § 452.410 and that exception applies in this case. The issue before the court was whether or not Russell had overcome the circumstances which existed at the time custody was granted to the Halls and which prevented custody from being given to him. There is evidence to support the finding of the court that Russell had overcome such circumstances and that it would be in the best interest of the child to change the custody to Russell.[1]

The judgment is affirmed.

All concur.

---

1. This court is not unmindful that the Halls took the son and provided a loving and caring home for him and that the change of custody will have an emotional impact on them, and especially upon Mrs. Hall. However, that is not the standard of review. The trial court saw and heard the witnesses and decided that Russell could provide a good home for the son. Although the Halls disagree with that decision, it is hoped that all parties will cooperate to assure that the son will continue a warm relationship with the grandparents through the summer and holiday temporary custody granted to the Halls.