Hannah SEARCY, Respondent,

v.

John and Linda SEEDORFF, Appellants,

Ricki Lee Searcy and James Kennedy, Respondents.

No. SC 81760.

Supreme Court of Missouri, En Banc.

Dec. 21, 1999.

Rehearing Denied Jan. 25, 2000.

David K. Holdsworth, Westowne II, Liberty, for appellants.

George A. Pickett, Christy L. Fisher, Plattsburg, for Hannah Searcy.

Ricki Lee Searcy, Lawson, for respondents.

M. Corinne Corley, Kansas City, for Ricki L. Searcy until withdrawal as counsel of record.

Stanley M. Thompson, Richmond, Guardian Ad Litem.

## PER CURIAM.[1]

John and Linda Seedorff appeal the judgment of the trial court transferring custody of four minor children to their natural mother, Hannah Searcy. The Seedorffs contend the trial court erred in transferring custody because: (1) Ms. Searcy failed to meet the standard of proof required for modification of child custody under section 452.410,[2] and (2) the modification of custody was not supported by the evidence and was against the weight of the evidence. The judgment of the trial court is reversed, and the cause is remanded.

All four children were born during the marriage of Hannah Searcy and Ricki Lee Searcy. This marriage was dissolved, and custody of all the children was given to the Seedorffs, the grandparents of two of the children. Ms. Searcy, Mr. Searcy, and Mr. Kennedy, the natural father of two of the children, were granted rights of "reasonable, limited, and restricted visitation."

Four months after the trial court entered its judgment, Ms. Searcy filed a motion to modify the custody of the four children, alleging that a substantial and continuing change in circumstances had occurred. She asserted that she was gainfully employed and capable of providing a stable and secure home for the four children, that the Seedorffs had persistently withheld visitation from her without justification, and that the best interests of the children required that they be returned to her custody.

The trial court conducted a hearing on Ms. Searcy's motion to modify. At trial, evidence was adduced regarding Ms. Searcy's alleged change in circumstances. The trial court subsequently entered the judgment challenged in this case. The court found that a substantial change in circumstances exists that warrants the transfer of custody from the Seedorffs to Ms. Searcy, found that Ms. Searcy is a fit and proper person to have custody and control of the children, and ordered that custody of the four minor children be placed with Ms. Searcy.

■ The decision of the trial court in this case will be affirmed on appeal unless no substantial evidence supports it, it is

---

1. The appeal in this case was originally decided by the Court of Appeals, Western District, in an opinion written by the Honorable Robert G. Ulrich. Portions of that opinion are incorporated herein without further attribution.

2. All statutory references are to RSMo 1994.

against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The power to set aside a trial court's judgment on the ground that it is against the weight of the evidence should be exercised with caution and with a firm belief that the decree or judgment is wrong. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 263 (Mo. banc 1998). In reviewing a contention that the evidence is insufficient, the evidence is viewed in the light most favorable to the verdict, and deference is accorded to the trial court's assessment of credibility. *Dent v. Dent,* 965 S.W.2d 230, 235 (Mo. App.1998).

■ The Seedorffs first contend the trial court erred in modifying child custody and transferring custody because Ms. Searcy failed to establish the required standard of proof for a modification of custody. Specifically, the Seedorffs argue that to modify child custody under section 452.410.1, Ms. Searcy was required to show that a substantial change in the circumstances of either the children or the custodian had occurred since the prior custody decree and that the modification of the prior decree was necessary to serve the best interests of the children. Section 452.410.1. The Seedorffs contend that because Ms. Searcy presented evidence focusing solely on what she perceived to be significant changes in her own circumstances, she failed to show any change in the circumstances of either the children or themselves and, therefore, failed to meet the burden of proof required to modify child custody under section 452.410.1.

The standard governing the modification of a decree of custody is set forth in section 452.410.1 and provides that:

[t]he court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change

has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

■ The Seedorffs are correct that the change in circumstances required by section 452.410.1 must relate to the children or their custodian, not the noncustodial parent. An anomalous exception to this rule has been recognized in two districts of the court of appeals where custody of a child has been awarded to a third party and a noncustodial parent seeks modification of the custodial order. *See Anderson v. Hall,* 823 S.W.2d 109, 110–11 (Mo.App. 1991); *Shortt v. Lasswell,* 765 S.W.2d 387, 389 (Mo.App.1989); *Esry v. Esry,* 628 S.W.2d 700 (Mo.App.1982); *Callaway v. Callaway,* 590 S.W.2d 700 (Mo.App.1979); *Meinking v. Meinking,* 529 S.W.2d 440 (Mo.App.1975). Under the exception, a change in circumstances of a "reformed" noncustodial parent, absent any showing of a change in the circumstances of the child or the custodian, has been accepted as an exception to the provision of section 452.410.1, thereby allowing the court to consider a change in circumstances of the noncustodial parent as the basis for modifying custody. *See Anderson,* 823 S.W.2d at 110–11; *Shortt,* 765 S.W.2d at 389.

Prior to the enactment of section 452.410.1, case law provided that modification of child custody only required proof of a "material change of circumstances" and a showing that modification was in the best interests of the child. *See J.G.W. v. J.L.S.,* 414 S.W.2d 352, 354 (Mo.App.1967). Under the old standard, courts commonly modified custody upon a showing of a change in the circumstances of the natural parent. *See, e.g., Meinking,* 529 S.W.2d at 443–44; *Swan v. Swan,* 262 S.W.2d 312 (Mo.App.1953). The enactment of section 452.410.1 in 1974 added the requirement that the change providing the basis for modification of custody must be in the circumstances of either the child or the custodian. Section 452.410.1. After the enactment of 452.410.1, the courts did not

address the effect and implications of the statute on the prior modification standards. Some courts, therefore, continued to apply the modification standards set forth in the prior case law. *See Esry v. Esry,* 628 S.W.2d 700 (Mo.App.1982); *Callaway v. Callaway,* 590 S.W.2d 700 (Mo.App.1979). The courts in *Shortt v. Lasswell* and in *Anderson v. Hall* relied on such cases to establish the third party exception to the custody modification statute. *See Anderson,* 823 S.W.2d at 110–11; *Shortt,* 765 S.W.2d at 389.

■ The plain language of section 452.410.1, however, provides no exception to the requirement that a moving party, any moving party, who seeks to modify a custody order must first establish that a substantial "change in circumstances of the child or his custodian" has occurred. Section 452.410.1. Information pertaining to the noncustodial parent is irrelevant concerning proof of change in circumstances under the first part of section 452.410. *McCreary v. McCreary,* 954 S.W.2d 433, 445 (Mo.App.1997). Information of the noncustodial parent's "lifestyle and suitability of her environment for a child" is relevant only in determining what is in the child's best interests. *Id.* Although *McCreary* involved a noncustodial parent's attempt to obtain from the former spouse custody of the children born during the marriage by seeking modification of the custodial provisions of the decree terminating the marriage, the statement is equally applicable in cases where noncustodial parents attempt to obtain custody of a child from a third party custodian. The rationale for requiring a substantial change in the circumstances of the child or the custodian, whether parent or third party, includes the desire to maintain a stable nurturing environment for the child. The ability of a noncustodial parent to be heard by a court on the issue of custody of the parent's child at any time during the child's minority because the parent's conduct or environment has changed, without consideration for the circumstances of ei-

ther the child or the third party custodian, poses a constant threat to the child's stable environment.

■ As noted in *Flathers v. Flathers,* "[i]n a proceeding to modify third-party custody, the parental presumption favoring the noncustodial parent would not constitute a change in circumstances of either the child or custodian supporting a change of custody from the third-party custodian." 948 S.W.2d 463, 467 (Mo.App.1997). The requirement imposed by section 452.410.1 that a change in the circumstances of the child or the custodian must be demonstrated before a court can consider modifying a custody award previously entered in a custodial proceeding recognizes no exception where the custodian is a third party. Although section 452.375.5 recognizes the presumption that favors parents over third parties when courts consider awarding custody of children, the parental presumption applies only where the appropriate custodian is first determined in a child custody proceeding and the parent is a party to the proceeding, and not in a subsequent proceeding to modify custody. *See Flathers,* 948 S.W.2d at 466–67. To the extent that the teaching in *Anderson v. Hall,* 823 S.W.2d 109 (Mo.App.1991), *Shortt v. Lasswell,* 765 S.W.2d 387, 389 (Mo.App.1989), and similar cases conflict with this rule, they are not the law and are overruled.

Review of the record fails to reveal any evidence presented to the trial court that demonstrates a substantial change in the circumstances of the child or the custodian. The only evidence offered by Ms. Searcy in her attempt to show a change in the circumstances of either the children or the Seedorffs consisted of: (1) evidence that the Seedorffs failed to seek the foster parent status that would allow them to take custody of the children who are not relatives, and (2) Ms. Searcy's testimony that visitation was persistently withheld by the Seedorffs without justification.

■ As to the foster parent argument, Ms. Searcy's premise for this asser-

tion is that the Seedorffs cannot legally retain custody of the children who are not related to them without qualifying as foster parents as provided by section 210.516. Sections 210.486 and 210.516, however, are not applicable. The foster care licensing statutes are triggered only where the juvenile division assumes jurisdiction over the children. When the juvenile division assumes jurisdiction, the legal right to custody is in the division of family services, and the foster parents retain physical custody as agents of that division. *In the Matter of Trapp*, 593 S.W.2d 193, 204 (Mo. banc 1980). The juvenile division never assumed jurisdiction over the children in this case because there was a valid court order issued awarding legal custody to the Seedorffs under the dissolution statute, section 452.375. The trial court had jurisdiction to resolve the custody because the children and their parents were properly before the court for the purpose of determining the children's paternity, custody, and welfare under sections 210.826, 210.829, and 452.375. The court was required to adjudicate the children's custody as it determined the best interests of the children required if the court determined that the natural parents were unfit custodians and if extraordinary circumstances mandated such placement. The failure of the Seedorffs to obtain foster parent status does not constitute a change in circumstances providing the basis for a modification of custody.

 With respect to the denial of visitation, the court's original custody award provided that Ms. Searcy was granted "reasonable, limited, and restricted visitation." A custodian's denial of the visitation rights of the noncustodial parent can be a change in circumstances that may justify modification of custody, especially where the evidence shows an unjustified and flagrant pattern of willful denial of visitation. *See Tilley v. Tilley*, 968 S.W.2d 208, 212 (Mo.App.1998). In this case, however, the guardian ad litem testified that the Seedorffs were directed by him and later the court to suspend visitation due to

a pending division of family services investigation. The Seedorffs admit that Ms. Searcy was denied visitation with two of the children once because the children were ill, but Ms. Searcy was unable to recall with specificity any other missed visitation periods. Such evidence failed to show a pattern of "willful denial of visitation" on the part of the Seedorffs and does not provide a substantial change in circumstances justifying a modification of custody.

Because Ms. Searcy failed to show that the circumstances of the children or the custodians had substantially changed, she did not satisfy the threshold requirement to invoke the provisions of section 452.410.1. Her motion to modify the judgment awarding custody to the Seedorffs, therefore, should have been denied.

Because the first point is dispositive, other points raised by all the parties need not be discussed.

The judgment is reversed, and the cause is remanded.

All concur.