In the Matter of the DETACHMENT OF TERRITORY FROM PUBLIC WATER SUPPLY DISTRICT NO. 8 OF CLAY COUNTY, Missouri.

**Robertson Properties, Inc., Respondent,**

v.

**Public Water Supply District No. 8 of Clay County, Missouri, Appellant.**

**No. WD 65852.**

Missouri Court of Appeals, Western District.

Oct. 17, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 2006.

Application for Transfer Denied Jan. 30, 2007.

---

1. The natural father's parental rights to A.R.K. were also terminated. Father has not appealed the judgment.

John W. Roe, Mark H. Epstein, Colin D. Stoner, Kansas City, MO, for respondent.

Jeremiah D. Finnegan, Kansas City, MO, Steven M. Harris Michael D. Davis, Tulsa, OK, for appellant.

Before BRECKENRIDGE, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Public Water Supply District No. 8 of Clay County, Missouri, appeals from the trial court's judgment ordering the detachment of certain property from the District by Robertson Properties, Inc.

We affirm the trial court's judgment.

## Facts

This is the second appeal of this matter. This appeal involves the question of whether on remand the trial court followed our instruction and applied 7 U.S.C. 1926(b) ("Section 1926(b)") in the detachment proceeding pursuant to section 247.031 [1] brought by Robertson Properties, Inc. ("Robertson") to detach certain property ("Subject Property") from Public Water Supply District No. 8 of Clay County, Missouri ("District"). For a detailed review of the facts, see *Robertson Properties, Inc. v. Detachment of Territory from Public Water Supply Dist. No. 8 of Clay County,* 153 S.W.3d 320, 322–24 (Mo.App. W.D.2005) ("*Robertson I*").

The detachment proceeding was originally before the Honorable David W. Russell. The three-day trial began on January 31, 2003. On February 13, 2003, the trial court entered a judgment in favor of Robertson, which detached the Subject Property from the geographical boundaries of the District. The District appealed the original judgment and this court reversed Judge Russell's decision and remanded the case back to the circuit court for findings and conclusions consistent with the Court of Appeals' decision involving 7 U.S.C. 1926(b). *Robertson I,* 153 S.W.3d at 330.

While the case was on appeal the first time, Judge Russell retired and on remand the case was assigned to the Honorable A. Rex Gabbert. On July 18, 2005, Judge Gabbert entered judgment on behalf of Robertson. Judge Gabbert found, resolv-

---

1. All statutory references are to RSMo. (2000) unless otherwise stated.

ing any doubts in favor of the District, that the District had failed to prove both prongs required for Section 1926(b) protection. In other words, the District had not proven it was indebted to the FmHA and that it had not proven it had provided or made available service to the Subject Property. The trial court then ordered detachment under section 247.031 based on its finding that detachment would not adversely affect the remainder of the District. The District contends the trial court erred in its findings and appeals.

## Standard of Review

"We will sustain the judgment of the trial court 'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" *City of Harrisonville v. Pub. Water Supply Dist. No. 9 of Cass County*, 49 S.W.3d 225, 230 (Mo. App. W.D.2001) (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "'Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of facts can reasonably decide a case.'" *Wright v. Barr*, 62 S.W.3d 509, 526 (Mo.App. W.D.2001) (quoting *Hurlock v. Park Lane Med. Ctr., Inc.*, 709 S.W.2d 872, 880 (Mo.App. W.D. 1985)).

"'When there is conflicting evidence, the trial court has the discretion to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony it hears.'" *McCreary v. McCreary*, 954 S.W.2d 433, 439 (Mo.App. W.D.1997)

(quoting *Guier v. Guier*, 918 S.W.2d 940, 946 (Mo.App. W.D.1996)). We "defer[ ] to the trial court as the finder of fact in determinations as to whether there is substantial evidence to support the judgment and whether that judgment is against the weight of the evidence, even where those facts are derived from pleadings, stipulations, exhibits and depositions." *Bus. Men's Assurance Co. of Am. v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999); *see also Am. Family Mut. Ins. Co. v. Mo. Dep't of Ins.*, 169 S.W.3d 905, 909 (Mo. App. W.D.2005).[2] "'In reviewing a contention that the evidence is insufficient, the evidence is viewed in the light most favorable to the verdict, and deference is accorded to the trial court's assessment of credibility.'" *Brizendine v. Conrad*, 71 S.W.3d 587, 590 (Mo. banc 2002) (quoting *Searcy v. Seedorff*, 8 S.W.3d 113, 116 (Mo. banc 1999)).

## Section 1926(b) Protection

■ If certain threshold requirements are met, Section 1926(b) shields certain rural water associations from competition. *Le–Ax Water Dist. v. City of Athens*, 346 F.3d 701, 705 (6th Cir.2003). "This provision prevents local governments from expanding into a rural water association's area and stealing its customers...." *Id.* In *Robertson I*, we stated that "[i]n order for Section 1926 to apply, a water district association must establish that (1) it has a continuing indebtedness to the FmHA and (2) has provided or made available service to the disputed area."[3] 153 S.W.3d at 327.

---

**2.** *But see Callanan v. Dir. of Revenue, State of Mo.*, 163 S.W.3d 509, 513 (Mo.App. E.D. 2005) ("Appellate courts do not give any deference to a trial judge's determination regarding the credibility of witnesses in cases submitted solely upon a written record."); *Jarrell v. Dir. of Revenue*, 41 S.W.3d 42, 45 (Mo.App. S.D.2001) ("On the other hand, the rule of 'no

deference' regarding 'witness credibility' in cases where there are no *live* witnesses does not mean appellate courts are to review such cases de novo or ignore evidence and inferences favorable to the judgment.").

**3.** Both parties agree that the District is not currently providing service to the Subject Property. Therefore, the only relevant argu-

Therefore, in order to have the protection of Section 1926, the District must prove **both** that it is indebted to the FmHA **and** that it made service available to the Subject Property.

### Made Service Available

▬ A majority of the District's points on appeal focus on the trial court's holding that the District had not "made service available" for the purpose of obtaining Section 1926(b) protection. As discussed in *Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192 (10th Cir.1999):

> Courts are in disagreement about what is required to satisfy the 'made service available' requirement of § 1926(b). One court has held that a water association may meet the requirement simply by showing that it has a legal obligation to provide water service to the customer. Generally, courts applying the legal duty test have looked to state law to make the determination. Another approach to meeting the requirement is known as the 'pipe[s]-in-the-ground' or 'physical ability' test. This test examines whether a water association "has adequate facilities within or adjacent to the area to provide service to the area within a reasonable time after a request for service is made." Finally, some courts have examined both the water association's state law duty to provide service and the proximity and adequacy of its facilities in determining whether it made service available.

191 F.3d at 1201–02 (internal citations omitted). In *Robertson I*, this court adopted the "pipes in the ground" analysis

for determining whether service has been made available. 153 S.W.3d at 327–28. "This is essentially an inquiry into whether a water association has the capacity to provide water service to a given customer." *Sequoyah*, 191 F.3d at 1203.[4] Section 1926(b) is to be liberally interpreted to protect an FmHA-indebted rural water association from municipal encroachments and "evidentiary uncertainties should be resolved in favor of . . . the party seeking to protect its territory." *Id.* at 1206. In its judgment, the trial court in this case expressly stated that based on the evidence presented and resolving any doubts in favor of the District, the District had not established it had "made service available" because "(1) it did not establish the legal right to sell water to the subject property; and (2) it did not have adequate facilities within sufficient proximity to the subject property within a reasonable time after a demand for service was made."

▬ Simply having pipes in the ground, standing alone, is not sufficient to prove that a water district has made service available. *Bell Arthur Water Corp. v. Greenville Utils. Comm'n*, 972 F.Supp. 951, 962 (E.D.N.C.1997). Although the facts show that the District has a 4" and a 3" pipe near the Subject Property, there was evidence presented that these pipes were not sufficient to service the Subject Property with potable water. The water association must actually have the capacity to provide the requisite service within a reasonable time after a request for service has been made. *Id.* at 963. Additionally, there was testimony that it would not be able to do so with only minor adjustments

---

ment in regard to the second prong is whether the District has "made available service to the [Subject Property]."

**4.** We agree with the 8th Circuit requirement that an association must also demonstrate its

legal authority to provide service to the disputed area. *See Rural Water Sys. # 1 v. City of Sioux Ctr.*, 202 F.3d 1035, 1037 (8th Cir.), *cert. denied*, 531 U.S. 820, 121 S.Ct. 61, 148 L.Ed.2d 28 (2000).

to the existing infrastructure. In order to have the protection of Section 1926(b), the District had to prove that it has **adequate** facilities within or adjacent to the Subject Property to provide service within a reasonable time after a request for service was made. *See Bell Arthur Water Corp. v. Greenville Utils. Comm'n*, 173 F.3d 517, 526 (4th Cir.1999). An unfulfilled intent to provide the necessary infrastructure sometime in the future does not amount to "service provided or made available." *Id.*

At no time did the District provide Robertson with a guarantee or assurance of service within a reasonable time. Although the District had an expectation to be able to make service available to the Subject Property under its proposed "Master Plan" for improvement, at the time of trial, the District had not obtained the Missouri Department of Natural Resources approval, had not begun any of the proposed improvements, and did not have a timetable for the proposed improvements to be completed. In addition, the District's own engineer testified that if a new water supply was not found, the District would run out of water for its current customers in 2007 or 2008. At the time of trial, no new water supply had been obtained.

Therefore, we affirm the trial court's holding that the District did not satisfy its burden of proving that it had "made service available" to the Subject Property and, therefore, was not afforded section 1926(b) protection. Because the District did not prove this essential element, there is no need to discuss the remaining elements of Section 1926(b) protection.

Based on the finding that protection provided by Section 1926(b) does not apply in this case, the issue of the ability to detach found in RSMo. section 247.050 must be considered.

### Detachment under Section 247.031

The District also claims that the trial court erred in ordering detachment of the subject property because its finding that the District will not be adversely affected by detachment is against the weight of the evidence. Under section 247.031, if there are general or special obligation bonds or specified debts of the District exceeding $25,000, the creditors' bondholders must consent in writing to the detachment, "except such consent shall not be required for special obligation bonds if the district has no water lines or other facilities located within any of the territory detached." *Robertson I*, 153 S.W.3d at 328 (quoting § 247.031(1)). Because the District filed exceptions under section 247.031(4), in order for the Subject Property to be detached, the court had to find that the detachment would be in the best interest of Robertson and would not adversely affect the remainder of the District. *See id.*

It was not contested that the District did not have any water lines or other facilities located on the Subject Property. The trial court held that detachment was in the best interest of Robertson and would not adversely affect the remainder of the District.

■ In *Allen v. Public Water Supply District No. 5 of Jefferson County*, the Eastern District Court of Appeals upheld the trial court's holding that detachment would be in the best interest of the landowners for the following reasons:

A. The detachment would avoid duplication of services by consolidating the water service into the City, which provides police and fire protection for the tract in question.

B. The utilization of district water service, within the tract would cause difficulty concerning the measurement of costs for sewer service provided by the

City in light of the lack of current metering agreement between the District and City.

C. The cost to connect to City facilities, taking into account additional development and engineering and permitting costs, which would have to be incurred by the land owner, is less than the connection cost to the District's adjacent facilities.

. . . .

E. There would be no need to acquire private easements for connection purposes to City facilities.

F. That the cost of water to the landowner from the City would generally be lower than the cost of water from the District.

7 S.W.3d 537, 539 (Mo.App. E.D.1999). The trial court in this case made all of the same findings. In addition, there was evidence presented that the water line system provided by the District would have "dead end" lines, which could become problematic in terms of health and safety. Detachment would also avoid potential confusion created by having more than one water service provider's water lines on the same property since part of Robertson's property would be provided water by the District, part by the City of Kearney and still other proposed plots located in both the District and City of Kearney service areas. Furthermore, if detachment did not occur, in order for the District to supply the Subject Property with water, the water lines placed by the District would limit Robertson's options regarding future development.

■ Next in *Allen,* the Eastern District Court of Appeals upheld the trial court's holding that detachment would not adversely affect the remainder of the District for the following reasons:

A. The District is not currently supplying the area and has no physical facilities within the area present or proposed.

B. The District would lose no tax revenue by reason of the detachment.

C. The area to be attached is minuscule in comparison to the balance of the territory contained in the District and the impact on the District's ability to generate future revenues would be de minimus.

*Id.* Once again, the trial court in this case made all of the above findings. In addition, there was evidence indicating that there was no revenue currently being generated by the Subject Property and even with detachment, the existing operations of the District would generate enough revenue to pay off any debts of the District. Furthermore, there currently were no customers, voters, or residents of the District on the Subject Property, and the Subject Property was undeveloped at the time of trial. Finally, the trial court also noted that the Subject Property was on the edge of the District's current boundaries and detachment would not cause any kind of construction or development problems for the District.

Therefore, we affirm the trial court's holding that detachment is allowed under section 247.031 in that there is substantial evidence to support the findings of the trial court that it is in the best interest of Robertson, the landowner, to have the Subject Property detached and that detachment will not adversely affect the remainder of the District.

## Conclusion

In conclusion, we affirm the trial court's judgment that the District was not afforded Section 1926(b) protection because it had not "made service available" to the subject property and that the Subject Property may be detached pursuant to

RSMo. section 247.031.  For the above reasons, the judgment of the circuit court is affirmed.

BRECKENRIDGE, P.J., and HOLLIGER, J., concur.