**Russell BURTON, Jr., Plaintiff-Respondent,**

v.

**Billie Jean BURTON (now Billie Jean Toma), Defendant-Appellant.**

No. 33905.

St. Louis Court of Appeals,
Missouri.

Dec. 23, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 18, 1972.

W. W. Sleater, St. Louis, for defendant-appellant.

Fred Roth, Clayton, for plaintiff-respondent.

JAMES RUDDY, Special Judge.

This appeal arises out of the trial Court's refusal to allow the appellant an attorney's fee in an Equity suit praying for injunctive relief.

Russell Burton, Jr., respondent-plaintiff below, filed suit in the Circuit Court of St. Louis County against his former wife, Billie Jean Burton (Toma), appellant, asking for an injunction to restrain her from proceeding with a garnishment in aid of an execution for alleged past due child support. In this suit he also asked for an accounting of monies received for child support by his former wife and a return of any overpayment made by him.

Respondent alleged in his petition that he and appellant were divorced in Randolph County, Missouri in February of 1950. At that time the minor child born of the marriage was awarded to appellant and respondent was ordered to pay $40.00 per month child support to appellant for the support and maintenance of said minor child. It was further alleged that in July of 1966, the parties entered into an agreement between themselves whereby back child support owed by respondent to appel-

lant would be paid over a specified period of time in equal monthly installments. Respondent further alleged that the minor child became emancipated in September of 1969 and asked the Equity Court to require appellant to make an accounting of all funds received by appellant during the alleged emancipation period. Respondent further alleged in his petition that appellant was threatening a garnishment in aid of execution upon respondent's earnings and requested an injunction restraining appellant from proceeding with said garnishment. An Order to Show Cause was issued by the trial court. Appellant filed a return alleging that the respondent was still indebted to her for a sum in excess of Four Thousand Dollars ($4,000.00). In her return, appellant contended that the trial court had no jurisdiction over the subject matter. She further contended that the jurisdiction was exclusively vested in Randolph County, the County wherein the divorce was granted and the child support award was made. She further asked that an allowance be made to her for an attorney's fee in defending the instant suit. In conjunction with the filing of the return, the appellant filed a Motion to Dismiss Respondent's Petition for Lack of Jurisdiction and a Petition for Attorney's fees. The trial court thereafter entered the following order: "Defendants (Appellant's) motion to dismiss heretofore heard and submitted sustained. Defendant's motion for attorney's fees heretofore heard and submitted overruled." It is from the Order overruling the motion for attorney's fees that appellant has filed the instant appeal. Respondent initially filed a notice of appeal from the Order sustaining the motion to dismiss his petition, but he subsequently voluntarily dismissed his appeal. Therefore, the only question presented on appeal is whether appellant should have been allowed an attorney's fee by the trial court when there was no evidence presented to the court of the services performed by her attorney or the value of said services. We do not decide whether appellant should have been allowed an attorney's fee had she presented such evidence as that question is not before us.

The transcript filed on appeal is completely void of any evidence concerning the legal services performed by appellant's attorney or the appellant's ability or inability to pay her own attorney's fee. Apparently, appellant never even offered to present any evidence to the trial court in an effort to support her motion for attorney's fees. The trial court could not know whether appellant's attorney had rendered one or one hundred hours of legal services in defending this action. This court pointed in the case of Boyd v. Boyd, Mo.App., 459 S.W.2d 8, l. c. 10, that it is necessary to present some evidence to the trial court in support of an application for attorney's fees in order for the appellate court to determine the propriety of the trial court's ruling. The court said, l. c. 10, "No evidence as to the financial conditions of the parties was introduced by defendant, nor was there any evidence as to the costs of the appeal or as to the value of the services to be rendered by defendant's attorney * * * Therefore, there is nothing before us which could be examined to determine the propriety of the trial court's discretionary action." So, too, in the instant case, there is nothing before us to review. The granting or the refusal to grant of an attorney's fee by a trial court is purely within the discretion of the trial court and will not be disturbed unless it appears that such discretion has been abused. Folk v. Folk, Mo.App., 347 S.W.2d 405. How can we now say that the trial court abused its discretion in refusing to allow an attorney's fee when there was no evidence whatsoever presented to the trial court to support such application. The trial court was correct in denying the application for attorney's fees.

The appellant further requests that this court allow her an attorney's fee for the handling of this appeal. In support thereof, her attorney has filed an affidavit

as to the value of his services on appeal. This court does not have jurisdiction to make an award of attorney's fees. Neustaedter v. Neustaedter, Mo.App., 305 S.W. 2d 40. Therefore, said request is denied.

For the reasons stated herein, the action of the trial court is affirmed.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not participating.