**Zella Maxine LARISON, Respondent,**

v.

**Robert Lee LARISON, Appellant.**

**No. 37110.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 18, 1976.

Ellsworth W. Ginsberg, Clayton, for appellant.

Cundiff & Turken, Ellsworth Cundiff, Jr., St. Charles, for respondent.

McMILLIAN, Judge.

This is an appeal by Robert Lee Larison from a judgment entered on a decree wherein he was ordered to pay respondent Zella Maxine Larison, $800 for attorney fees and $188.52 for expenses on appeal in the case of *Larison v. Larison,* 524 S.W.2d 159 (Mo.App.1975). On appeal, the $188.52 is not questioned. For reversal, appellant urges that the trial court abused its discretion in failing to consider his ability to pay. We affirm.

On January 15, 1974, the Circuit Court of St. Louis County entered a decree: 1) dissolving the marriage between Robert and Zella Larison; 2) awarding the custody of their minor son to Zella; 3) allowing Zella $5.00 a week for maintenance and $25.00 a week child support; and 4) awarding Zella $1800.00 as and for attorney fees.

After Robert appealed, Zella filed a motion for an allowance of attorney fees and expenses to support the decree of dissolution. The trial court refused to rule on Zella's motion stating her motion would be taken up after the appeal. In passing, we note that we do not approve the practice followed by the court. While it is true that after the appeal, the allowance to be made would have the advantage of mathematical certainty, however, in the field of law reasonable certainty is our standard. Here, the trial court could have heard testimony as to the novelty of the issues involved, number of hours for preparation, including research and writing, appearance before the appellate court, approximate cost of briefs, and the number of hours and hourly charge for counsel's time. Based upon its findings, a reasonable allowance could have been made.

After we affirmed, in *Larison v. Larison,* supra, respondent Zella Larison then presented her motion for the allowance of expenses on appeal.

We have read the record, the transcript and the briefs. In our view, the case has no precedential value. A long discussion will add nothing to the present state of the law. While in our opinion the award made by the trial court is generous, we find no abuse of discretion. Accordingly, the judgment is affirmed.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.