**Hugh WALLACE and Amojean Wallace, Plaintiffs–Respondents,**

v.

**D. L. HANKINS and Viola Hankins, Defendants–Appellants.**

No. 10968.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 29, 1980.

Joe R. Ellis, Cassville, for defendants–appellants.

David F. Sullivan, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, for plaintiffs–respondents.

HOGAN, Judge.

In this case, plaintiff sought specific performance of a contract to convey real estate and damages for breach of contract. Defendants answered and counterclaimed in ejectment. The defendants appealed from the purported judgment entered after a trial to the court. It was determined that the judgment entered was conditional and alternative, did not dispose of all issues in the case and was therefore not an appealable judgment. The appeal was dismissed. *Wallace v. Hankins*, 541 S.W.2d 82 (Mo.App. 1976).

Thereafter, another judgment was entered and the surviving defendant, Viola Hankins, again appealed. The appeal was submitted to this court on the briefs and

**444**

the record without argument. The case involves a series of transactions between the plaintiffs and the original defendants which began in January 1954 and ended when the action was commenced in December 1971.

The transcript indicates that during the trial, the plaintiffs offered and the court received the following items as exhibits: A warranty deed, a deed of trust, a promissory note, and by our count, 50 miscellaneous memoranda in writing. The defendants offered and the trial court received 6 exhibits of varying degrees of importance. Examination of our records by the clerk of this court indicates that none of the exhibits were ever filed in this court. Direct inquiry by telephone has failed to establish the custody, or even the existence, of the exhibits. The only fact concerning the exhibits of which we are reasonably sure is that they were never filed here.

■ Now, as in the past, we acknowledge our duty to dispose of an appeal finally and upon its merits, but the performance of that duty presupposes and requires a record and evidence upon which the court can function with some degree of confidence in the reasonableness, fairness and accuracy of its final conclusion. *Phelps v. Watson–Stillman Company*, 365 Mo. 1124, 1132, 293 S.W.2d 429, 435 (1956); *State ex rel. State Highway Commission v. Hill*, 373 S.W.2d 666, 668[1, 2] (Mo.App.1963). The missing exhibits include documents which establish, or disprove, the rights which the parties asserted upon the trial. Upon cursory examination of the transcript, it is apparent that without the exhibits, this court cannot, with any degree of confidence, discern the basis for the trial court's judgment, nor determine what principles of law should be applied. In short, we simply cannot perform the duty enjoined upon us by Rule 73.01.3, V.A.M.R.

As elsewhere noted, in this court–tried case the judgment is presumptively correct, and the appellant has the burden to demonstrate that the judgment is erroneous. *Massman Construction Co. v. Kansas City*, 487 S.W.2d 470, 478[6] (Mo.1972); *Pallardy*

*v. Link's Landing, Inc.*, 536 S.W.2d 512, 515[2] (Mo.App.1976); *Weston v. Great Central Insurance Company*, 514 S.W.2d 17, 21[3] (Mo.App.1974). Inasmuch as we are without the means to say that the judgment is erroneous, we must affirm the judgment in all respects. Rule 84.13(b), V.A.M.R. It is so ordered.

BILLINGS, P. J., and MAUS, J., concur.

PREWITT, J., disqualified.