**Jerry L. SHEETS, Respondent,**

v.

**Linda Ann SHEETS, Now Maxwell, Appellant.**

**No. 43421.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

W. W. Sleater, Sleater & Sleater, Clayton, for appellant.

Howard J. Kraner, St. Louis, for respondent.

REINHARD, Presiding Judge.

Linda and Jerry Sheets were divorced on April 14, 1971. Wife was granted custody of their one child and husband was ordered to pay $17.00 per week in child support. On December 27, 1978, wife filed her verified motion for issuance of a writ of scire facias to revive the 1971 judgment. In addition, she alleged her former husband owed her $4,456 plus interest in past child support payments. The writ was duly issued on January 19, 1979. Husband thereupon filed his answer in which he admitted the date and terms of the divorce decree, but denied the remainder of the allegations of wife's motion.

A hearing was conducted. The evidence established that from January 4, 1974 to the time of trial on July 11, 1980, husband made his child support payments first, to the Denver County, Colorado District Court and later, after he moved, to the Jefferson County, Colorado District Court, pursuant to the Uniform Reciprocal Child Support Act. These payments were transmitted first, to the Boone County, Missouri Circuit Clerk's office and later, to the Callaway County, Missouri Circuit Clerk's Office, from which amounts were paid to the wife. The certified copies of the court records from these four jurisdictions were introduced into evidence at the trial. Husband testified that since commencing payments pursuant to the Uniform Act, he had paid all but about $400.00 of the required support payments.

The prime dispute was whether or not husband had paid the child support between April, 1971 and the time he commenced payments to the Colorado courts. Wife testified that she did not receive any payment for child support prior to January, 1974, and the amount of the arrearage for that two and a half year period was $2,357.22. Husband testified he paid all amounts due under the decree during that period. He testified he paid some weeks by cash and others by money orders and traveler's checks. He introduced copies of only some of the checks and money orders into evidence to support his testimony.[1] In addition, Lenore Sheets, Jerry's second wife, testified on his behalf. She stated she accompanied him to the bank to obtain money orders and saw him mail letters containing payment to Linda on many occasions.

---

1. The checks and money orders were made payable to Linda Sheets in amounts of $17.00 or multiples thereof. There were two money orders with Linda Sheets' signature which husband testified he recognized as his wife's. The cancellations on the checks revealed they were cashed at a bank in Fulton, Mo., where the wife lived. Husband at the time resided in St. Louis.

The trial court filed findings of fact and conclusions of law and determined that "Jerry L. Sheets is, in fact, $400.00 in arrears." The court concluded the writ of scire facias should be revived in favor of the wife and against the husband in that amount and that the writ should be revived in favor of the wife and against the husband in the sum of $17.00 per week for the support of the minor child. The court specifically refused to include interest on the unpaid $400.00 in the amount of the revived judgment.

Wife, on appeal, raises three points, two of which we find have merit. Initially, she contends the trial court erred in sustaining an objection to a question propounded to Lenore Sheets. On cross-examination, Lenore stated that currently Jerry was paying her child support. The trial court sustained husband's objection as to how much support he was paying her. Wife now alleges that was improper and constituted error.

■ It is evident that Lenore's receipt of child support from Jerry was relevant to establish her financial interest in the outcome of the proceedings. A witness' interest in the result of an action, his bias or prejudice, is always proper to be shown as bearing on the credit which should be given his testimony. *Thornton v. Vonallmon*, 456 S.W.2d 795, 798 (Mo.App.1970). The trial court, however, has considerable discretion as to how far the inquiry may be pursued in detail and may properly limit the scope and extent of cross-examination into the witness' bias or prejudice. *Thornton* at 798. Here, the wife's counsel was allowed to elicit that Lenore Sheets had an indirect financial interest in the proceedings, however, the extent of cross-examination was within the trial court's sound discretion. We discern no abuse of that discretion and rule this point against wife.

■ Wife next argues the court erred in reviving the writ for only $400.00 because it was contrary to the credible evidence. She contends the trial court "erroneously failed to find Jerry Sheets in arrears in the amount of $2,357.22 . . . for the period before he started making his support pay-ments to the court . . . ." She also contends that after he made payments to the court, the records establish he was $796.00 in arrears and not $400.00. The dictates of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) require that we can only set aside the judgment of the trial court if it is against the weight of the evidence, is without substantial evidence to support it, or erroneously declares or applies the law.

■ Wife testified she received no payment prior to the time husband commenced payments into the registry of the court. Husband testified he made all payments. His testimony was partially corroborated by another witness and documentary evidence. We are required to give due regard to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01. We therefore, find that the trial court's refusal to find husband in arrears in the amount of $2,357.22 was supported by substantial evidence and was not against the weight of the evidence.

■ We cannot say the same for its finding that from the time husband commenced payment to the Colorado courts he was only $400.00 in arrears. Such a finding was contrary to the credible weight of the evidence. Both parties stipulated that the records of the Jefferson County and Denver County, Colorado Courts constituted the record of the amounts husband actually paid after December, 1973. Husband admitted that he paid no amounts directly to wife or into any other court for his wife's benefit. It was further agreed that husband's obligation to wife was $17.00 per week during this period. Under these circumstances, the court records control the amount of the arrearage. Our examination of the records establish that at the time of the hearing, husband owed $624.00 in child support. The trial court's finding of an arrearage of only $400.00 is contrary to the credible weight of the evidence.

■ Further, § 408.040 RSMo.Supp.1980 specifically provides, "interest shall be allowed on all money due upon any judgment or order of any court . . . until satisfaction be made by payment . . . ." Interest in the

amount of $67.00 should have been included in the revived judgment.

After the notice of appeal was filed, wife filed a motion with the trial court for attorney's fees on appeal. The trial court held its ruling in abeyance until resolution of this appeal. Wife now contends this was error. The appellate courts of this state have consistently held that when attorney's fees are sought pursuant to § 452.355, an order of this nature is improper. *Johnston v. Johnston,* 573 S.W.2d 406, 411 (Mo.App.1978); *Larison v. Larison,* 537 S.W.2d 438, 439 (Mo.App.1976). Under those circumstances, the correct procedure is for the trial court to exercise its discretion and rule on the motion at the time it is presented. This case is reversed and remanded for the trial court to rule on wife's motion for attorney's fees. We do not intend by this opinion to dictate to the trial court the manner in which it should exercise its discretion, only that it is error to withhold its ruling until after resolution of the appeal.

Judgment is reversed and remanded with the trial court directed to revive the writ of scire facias in the amount of $624.00 for delinquent child support and $67.00 in interest, and to rule on wife's motion for attorney's fees. In all other respects, the judgment is affirmed.

SNYDER and CRIST, JJ., concur.