In re the MARRIAGE OF Phillip
BROOKE and Mica Brooke

Phillip Brooke,
Petitioner–Respondent–Appellant,

and

Mica Brooke,
Respondent–Appellant–Respondent.

Nos. 15719, 15738 and 15754.

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1989.

Michael J. Patton and C. Bradley Tuck, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, and Grant Q. Haden, Wade and Haden, Ava, for petitioner-respondent-appellant.

Lois M. Zerrer, Springfield, for respondent-appellant-respondent.

PREWITT, Judge.

The parties were married on November 13, 1972. They had two sons, Preston Gordon Brooke, born June 18, 1978, and Michael Karl Brooke, born May 11, 1985. Each party has appealed from a dissolution decree and the appeals have been consolidated.

As both parties are appellants and respondents in this court, we refer to them in their trial court capacity. There, Phillip Brooke was petitioner and Mica Brooke respondent. Petitioner's points on appeal are discussed first.

Petitioner contends by his point that the trial court erred in valuing a sole proprietorship which he operates under the name of "Brooke Construction" at $22,000, "rather than zero", because there was no evidence of the value of the business. He also claims that the tools, machinery and equipment comprising the assets of the business were separately valued and included in the distribution of assets to petitioner.

Three exhibits offered by petitioner referred to in the transcript as "Property statement", "Financial records", and "Outstanding debts" [Tr ii-iii] have not been filed here and apparently the parties have not been able to locate them. Respondent contends that without these exhibits she is

not able to show that the evidence was sufficient for the court to value the business as it did.

Petitioner counters that a summary of these exhibits in the transcript shows what they contained. We have examined the transcript and are not able to say that with the exhibits before it, the trial court did not have sufficient information to value the business. Nor are we convinced that the references to the exhibits in the transcript fully summarized them.

This court "may" consider exhibits not filed "as immaterial to the issues on appeal." Rule 81.15. However, from the discussion of the exhibits in the transcript and other evidence pertaining to these exhibits, they would appear to be relevant and may be even dispositive of this point. The trial court's finding is presumptively correct, and the appellant has the burden to demonstrate otherwise. *Wallace v. Hankins*, 606 S.W.2d 443, 444 (Mo.App.1980). Where exhibits are lost and their contents not otherwise available, which prevent this court from discerning the basis for the trial court's judgment, which may have been supported by those exhibits, the judgment must be affirmed. Id.

Had the exhibits been filed we might have concluded that the trial court's finding on this issue was proper. Petitioner had the burden to file these exhibits and convince us that the finding was erroneous. He has not done so. This point is denied.

■ Petitioner states in his second point that the trial court erred in ordering him to provide life insurance on his life for the benefit of his sons. By an amended decree the trial court removed that requirement. The timeliness of that amendment was questioned by petitioner but the parties now agree that the amendment was timely.

According to the record the amended judgment was rendered by the court within the thirty-day period of the trial court's control of a judgment under Rule 75.01. Although its entry may have been after the time provided, as it was rendered within thirty days it was valid. See *Fleming v. Clark Township of Chariton County*, 357 S.W.2d 940 (Mo.1962). That judgment removed the requirement of petitioner carrying life insurance on his life for the benefit of the children. As the parties acknowledged in oral argument, this point is moot and petitioner is not required to carry such life insurance.

Petitioner contends in his third point that the trial court erred in requiring that he establish separate interest bearing savings accounts in each child's name and make monthly payments of $10 per month per child into them until the children are 18. In oral argument here, petitioner's counsel stated that petitioner was agreeable to having that $10 deposit become child support. As respondent did not object to that procedure and apparently is agreeable to it, the judgment will be altered to so provide.

■ Petitioner's remaining point is that the trial court erred in placing primary custody of the sons with respondent, because she had attempted to alienate the children from him, restricted the children's contact with his relatives, interrogated one of the children about his activities to the point where the child cried, and has shown traits of insecurity, depression and "other qualities affecting her parenting abilities".

The trial court has broad discretion in custody determinations. *In re Marriage of Griggs*, 707 S.W.2d 488, 491 (Mo.App.1986). It sees and hears those involved and is in a better position to consider all the facts bearing on the best interests of the children. Id. The trial court's decision should not be changed unless this court is "firmly convinced" that some other arrangement is necessary for the welfare of the children. Id. Our review of the record indicates that there was no abuse of discretion in placing the children with respondent.

■ We now turn to respondent's points on appeal. The trial court found that the children should have visitation with petitioner's "family" and they were "allowed visitation in substitution of the Petitioner" if he was unable to "maintain" the visitation he received. Respondent complains of this provision.

Obviously, "family" is a term which might be susceptible of various meanings and interpretations. "Family" is a broad term "of great flexibility" whose meaning depends "on the field of law in which the word is used, the purpose intended to be accomplished by its use, and the facts and circumstances of each case." *In Interest of A.M.B.*, 738 S.W.2d 128, 130 (Mo.App. 1987). See also *State ex rel. Kemp v. Arnold*, 234 Mo.App. 154, 113 S.W.2d 143, 145 (1938) ("family" is a word of great flexibility, and capable of many different meanings according to the context is used).

Petitioner contends that the record shows what was intended by granting the "family" visitation. Even if it does, this would not save this provision. Provisions in a judgment should be definite and indefinite provisions are void and unenforceable. *Luna v. Grisham*, 620 S.W.2d 427, 428 (Mo.App.1981). With certain exceptions not here applicable, a judgment must be sufficiently certain to be susceptible of enforcement in the manner provided by law without requiring external proof, and if it does not satisfy this requirement such a provision is void. See *Payne v. Payne*, 635 S.W.2d 18, 22 (Mo. banc 1982). The provision here is subject to this defect and must be stricken.

■ Respondent contends that the child support and attorney's fees awarded her were inadequate. She also complains of the visitation allowed petitioner and of the allocation of travel expenses in connection with that visitation. In these regards we find no abuse of the trial court's discretion. As earlier mentioned the child support will be increased by $10 per month per child.

Also before us are two motions filed by respondent which have been ordered taken with the case. Respondent's motion to dismiss based upon petitioner's failure to file the exhibits earlier noted is denied. Appropriate relief has resulted as set forth above in discussing petitioner's first point.

■ The motion for attorney's fees is also denied. This court has no jurisdiction to order attorney's fees under § 452.355, RSMo 1986, or otherwise in a dissolution matter. *Vandegriff v. Vandegriff,* 695 S.W.2d 941, 945 (Mo.App.1985); *Webb v. Webb,* 475 S.W.2d 134, 136 (Mo.App.1971); *Burton v. Burton,* 475 S.W.2d 623, 625 (Mo.App.1971); *Neustaedter v. Neustaedter,* 305 S.W.2d 40, 45 (Mo.App.1957); *McCormack v. McCormack,* 238 S.W.2d 858, 864 (Mo.App.1951). The only court that can award such fees is the circuit court, whether the case is pending in the circuit court or the appellate court. *Webb,* 475 S.W.2d at 136; *McCormack,* 238 S.W.2d at 864.

The portion of the judgment requiring petitioner Phillip Brooke to make deposits in a savings account is reversed, as well as the allowance of visitation to the family of said petitioner, and child support is ordered increased from $100 per month per child to $110 per month per child. In all other respects the judgment is affirmed. The cause is remanded to the trial court for entry of an order modifying the judgment by so raising the child support as above stated and striking from the judgment references to the savings accounts and "family" visitation by petitioner Phillip Brooke's family. Costs of the appeals are assessed against petitioner Phillip Brooke.

FLANIGAN, P.J., and HOGAN, J., concur.