Suzanne SCHUMANN,
Petitioner/Appellant,

v.

James A. SCHUMANN, Jr.,
Respondent/Respondent.

No. 60729.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 2, 1992.

---

2. This is commonly accomplished by way of a motion to cite for contempt.

Mary Ann Weems, Clayton, for petitioner/appellant.

David R. Swimmer, Clayton, for respondent/respondent.

KAROHL, Judge.

Wife appeals from trial court's order denying her motion pendente lite for attorney's fees and costs on appeal. The trial court found it had no jurisdiction to enter any award of attorney's fees to wife's attorney for an appeal brought by husband which was resolved in his favor. We reverse and remand.

Husband appealed an April 12, 1990, order modifying the parties' decree of dissolution of marriage. The decree was entered on June 9, 1987. Shortly after husband filed his notice of appeal, wife filed a "MOTION AND AFFIDAVIT PENDENTE LITE FOR ATTORNEYS' [sic] FEES AND COSTS ON APPEAL" with the trial court. By its own motion, the trial court continued the hearing for the motion until after this court's mandate reversing the modification order. *See Schumann v. Schumann,* 812 S.W.2d 541 (Mo.App.1991). Upon hearing wife's motion for attorney's fees for the concluded appeal, the trial court determined it lacked jurisdiction to enter such an award. That order is the subject of this appeal.

The narrow issue is whether the trial court's denial of wife's motion for attorney's fees and costs on appeal on the grounds of lack of jurisdiction is a misapplication of law. We review a case tried before a court without a jury under the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

The award of attorney's fees arising out of a dissolution proceeding is authorized by § 452.355 RSMo Cum.Supp.1991. "This court has no jurisdiction to order attorney's fees in a dissolution matter." *In re Marriage of Brooke,* 773 S.W.2d 496, 499 (Mo. App.1989); *Vandegriff v. Vandegriff,* 695 S.W.2d 941, 945 (Mo.App.1985); *Webb v. Webb,* 475 S.W.2d 134, 136 (Mo.App.1971); *Burton v. Burton,* 475 S.W.2d 623, 625 (Mo.App.1971). "The only court that can award such fees is the circuit court, whether the case is pending in the circuit court or the appellate court." *Brooke,* 773 S.W.2d at 499.

Husband erroneously argues this court's reversal of the modification order he appealed disposes of all issues before this court. The order of allowance of attorney's fees is not dependent upon the order of modification, "but rather a separate and distinct matter from which an appeal would lie." *Brucker v. Brucker,* 607 S.W.2d 444, 445 (Mo.App.1980).

The two cases husband argues in defense of the trial court's order are not authority for his position. *Rosenblum v. Gibbons,* 706 S.W.2d 49 (Mo.App.1986) held the trial court did not have jurisdiction to award attorney's fees to trust beneficiaries after the action had been appealed and a man-

date had been issued. A trust case has no bearing on the award of attorney's fees in a dissolution case, where trial court jurisdiction is conferred by statute. Husband also cites *Heins v. Heins*, 783 S.W.2d 481 (Mo.App.1990). In *Heins*, the record was inadequate to permit any evaluation on appeal of the propriety of the court's order allowing fees for the appeal. The *Heins* court reversed based on a lack of evidence, not a lack of jurisdiction.

Appellate courts in this state have recognized a preference for trial courts ruling on motions for attorney's fees on appeal at the time brought rather than holding a ruling in abeyance until the resolution of the appeal. *Sheets v. Sheets*, 632 S.W.2d 80, 83 (Mo.App.1982); *Johnston v. Johnston*, 573 S.W.2d 406, 411 (Mo.App. 1978). However, having held a ruling in abeyance does not deprive the trial court of jurisdiction. *Larison v. Larison*, 537 S.W.2d 438 (Mo.App.1976).

We hold only that it is error to deny wife's motion on the grounds of lack of jurisdiction and do not express any opinion on the merits of the motion.

We remand to the trial court to hear the motion for attorney's fees and costs on appeal in accordance with § 452.355 RSMo Cum.Supp.1991.

SMITH, P.J., and AHRENS, J., concur.