Ilene S. BROOKS, Petitioner/Cross–Appellant,

v.

Jeffrey C. BROOKS, Respondent/Appellant.

Nos. 62903, 63005 and 63292.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1994.

Application to Transfer Denied March 22, 1994.

Rosenblum, Goldenhersh, Silverstein & Zafft, P.C., Richard S. Bender and Merle L. Silverstein, St. Louis, for respondent, appellant.

Zerman & Mogerman, Allan H. Zerman and Cary J. Mogerman, Clayton, for petitioner, cross-appellant.

KAROHL, Judge.

Father appeals from an order sustaining mother's motion to modify a dissolution decree entered January 26, 1987. The order increased father's child support obligation from $2700 per month to $5200 per month for two children, and was entered retroactive to the filing date of mother's motion to modify. The order also contained an automatic annual adjustment commensurate with the Consumer Price Index to account for any increase in the cost of living.

In his three points on appeal, father alleges the increase in child support is unsupported by the evidence, that retroactive application is improper where purported increases in children's expenses are for future needs, and that automatic annual adjustments are contrary to statute. Mother asks this court to dismiss father's appeal because he failed to complete and submit a Rule 88.01 Form 14. She also cross-appeals denial of her motion for damages stemming from father's failure to exercise temporary custody of the two minor children. Mother did not brief and therefore abandoned her appeal from an order denying her motion for attorney's fees pending appeal.

The parties' marriage was dissolved on January 26, 1987. Pursuant to a separation agreement, which was incorporated into the decree, mother retained physical custody of the couple's two sons who were born February 5, 1977, and May 2, 1981. Father was ordered to pay child support in the amount of $1350 per month per child, a sum of $2700 per month, and contractual maintenance of $2500 per month for two years. Father was further ordered to provide medical insurance for the minor children and to pay all of their non-covered medical, dental and orthodontics expenses. In addition, he was to pay one-half of the children's summer camp expenses up to $1250 per year, and one-half of the children's college expenses based on costs at the resident state university, including room, board and tuition.

Mother filed a motion to modify the decree of dissolution on October 10, 1989 asking for an increase in child support to $2000 per month per child. In an amended motion filed on November 3, 1989, she asked for $2500 per month per child, and added a prayer for damages resulting from father's failure to exercise temporary visitation in the amount of $50 per child for each day of scheduled temporary custody not so exercised. Both motions requested the increase be made retroactive to the date the motion was filed. Mother's list of changed circumstances consists of: (a) increase in the cost of living, (b) increase in the ages of the children resulting in greater expenses for food, clothing, entertainment, tutoring, a bar mitzvah celebration, and other expenses, (c) extracurricular activities including summer camp, (d) father's increased income, (e) termination of mother's contractual maintenance of $2500 per month, (f) father's remarriage, and (g) father's failure to exercise temporary custody.

On her September 23, 1985 statement of income and expenses, mother reported monthly income of $179. On her April 16, 1992 statement of income and expenses, mother reported monthly income of $2536.61. She testified, however, that $728.11 was from a teaching position which terminated. Her reported monthly expenses went from $7047 at the time of the dissolution to $13,569.33 at the time of the motion to modify. Father's annual income increased from $155,352 in 1986 to $421,715 in 1991. Father had remarried, but there is no evidence his new spouse contributes financially to the relationship.

The hearing on the motion was held April 16, 1992. The evidence consisted of mother's testimony, portions of father's deposition being read into the record, and exhibits evidencing the income and expenses of the parties at the time of the original decree of dissolution and at the time of the hearing. Mother filed a Rule 88.01 Form 14 with the trial court on April 27, 1992, at the time she filed her proposed order of modification. It indicated she earned $2748 per month, father earned $35,142 per month, and the appropriate child support amount exceeds the maximum presumed chart amount of $1550 per

month for two children based on a total monthly income of $10,000. Father did not file a Form 14.

The trial court, in its order filed September 8, 1992, modified the order of child support to $2600 per child per month or $5200 per month. It found that application of the child support guidelines would be unjust or inappropriate. In addition, the trial court ordered a lump sum retroactive payment of $75,000, and an automatic annual adjustment to the child support award commensurate with the Consumer Price Index. It denied mother's request for penalty payments based on father's failure to exercise visitation, and ordered father to pay mother's attorney $13,-000 in fees. Father and mother appealed.

■■■ As a preliminary matter, we will not dismiss father's appeal for failure to file a Form 14. Father's income made it unnecessary to determine child support by use of a Form 14. The trial court expressly made that discretionary finding. Use of the form is not required to aid this court in reviewing the claims of error. In a child support modification proceeding, where the original support award exceeds the presumed child support amount set forth in the guidelines, and the only issue is an increase in child support, a Form 14 is unnecessary. The trial court found that application of the support guidelines would be unjust or inappropriate. Mother initiated the motion to modify child support. She carries the burden of proof. Father's challenge is directed only to mother's failure to satisfy her burden to show a substantial and continuing change of circumstances so as to authorize the modification. On these facts her Form 14 was sufficient. *Bell v. Gilliam,* 852 S.W.2d 198, 200 (Mo. App.S.D.1993).

Father contends the order increasing child support from the sum of $2700 per month to $5200 per month was not supported by substantial evidence and contrary to the statutory requirements of § 452.370 RSMo Cum. Supp.1992 requiring a showing of substantial and continuing changes in circumstances. The statute declares:

> [T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support award, the court, in determining financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed. If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent of more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable. Section 452.370.1 RSMo Cum. Supp.1992.

"Court-ordered child support, as provided by statute, is to be an amount 'reasonable or necessary' for the support of the child, § 452.340, RSMo 1986, 'and not to provide an accumulation of capital.'" *Mehra v. Mehra,* 819 S.W.2d 351, 354 (Mo. banc 1991). (citations omitted).

■ The standard of review in a court tried action is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We will not disturb the trial court's order unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law.

■ Mother's evidence at trial and argument on appeal hinges largely on father's substantial increase in income, his remarriage to a spouse who does or should contribute to his living expenses, father's lack of utilization of his visitation rights, and the expiration of mother's contractual maintenance. None of these factors assist mother who has a threshold burden of demonstrating substantial and continuing change of circumstances so as to make the original award unreasonable.

She offered evidence consisting of increased cost of living and increased expenses for food, clothing and other items because of

the children's ages. These increases were $436 per month. Specifically, mother's statement of income and expenses as of April of 1992 lists monthly expenses of $7330, plus $6239.33 per month designated as "special needs of children if funds were available." Of the $6239.33 in "special needs," $2958 is earmarked for a bar mitzvah for the youngest son, a computer, bedroom furniture, and a new car for the oldest son, all one-time expenses amortized over twelve months. Besides not constituting a *continuing* change in circumstance, all of these items are future potential expenses, such as a car for a child who was 15 years old at the time of the trial, and a bar mitzvah for a child who was 10 at the time of trial. Similarly, mother seeks an estimated $223 per month in anticipated automobile insurance and gas for the 15 year old son. Mother also seeks $1500 per month for private school tuition. The children had always attended public schools. Mother did not mention any definite plans to send the children to private schools, nor did she mention a time frame, specific school, or an actual amount of tuition. Mother catalogs $150 per month in "dating money," but she testified neither of her children have dated yet. In short, none of the expenses on the "special needs" list assist mother in meeting her burden of proof. For a permanent change in the monthly child support order, the anticipated expenses must be relatively certain to occur and relatively definite in amount. For one-time expenses such as a car or a bar mitzvah party, a request for a permanent monthly increase pro-rated, based on one-twelfth of the cost, is not the only available or most appropriate remedy. It suffers the defects which occurred here, uncertainty as to the occurrence of events and vague, speculative evidence of cost.

What remains after subtracting "wish list" items is a monthly expense figure of $7330 for 1992 as compared to $7047 at the time of the decree. The apparent increase is less than the evidence of increase for food, clothing and other items. During cross examination, mother testified that $300 listed for real estate taxes under the heading "All other Expenses not Presently Identified," was a duplication of the mortgage payment figure which included the taxes and was considered.

There was at least one other duplication. We find mother's evidence established a net decrease in 1992 expenses from the 1985 expenses considered with the dissolution decree. Therefore, there is no evidence to support a finding of changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. In the absence of proof of increased expenses, father's and mother's increases in income are irrelevant.

After balancing the increased expenses with duplications in expenses, mother has not proven her expenses related to child rearing have increased since the dissolution decree wherein father's child support obligation was fixed. The only evidence of additional expenses by her own characterization, resembles a "wish list" for possible anticipated future expenses. They are not items of current needs. *Farris v. Farris,* 733 S.W.2d 819 (Mo.App.1987). Her circumstances from the date of decree to the date of the modification hearing have not changed within the purview of § 452.370. Accordingly, father's challenge to the modification to the dissolution decree is sustained.

█ The lack of evidence in support of modification is dispositive on the other two issues raised by father. If there is no evidence of changed circumstances at the time of the modification hearing, there was certainly no evidence to support a retroactive increase, which would require not only a showing of changed circumstances but also that such changes occurred at or before mother filed the motion to modify. Likewise, the automatic annual adjustment in the amount of child support is without evidentiary support and we need not address this statutory question. A modification of a dissolution decree cannot be based on a supporting parent's increased income and a parent's speculative estimation of anticipated one-time expenses where the custodial parent's own evidence does not demonstrate increased expenses. Because the requests are rejected only for that reason no prejudice attaches to consideration of needs when they are no longer merely "wish list" items. Proof that need is certain together with proof of costs would remove items from a "wish

list." *See, e.g., Tuning v. Tuning,* 841 S.W.2d 264, 267 (Mo.App.S.D.1992) (concerning advance consideration of college expenses).

■ In mother's sole point on appeal, she complains the trial court erred in failing to grant her damages for father's failure to exercise temporary custody of their two children. Mother does not, however, cite any authority for her allegation of trial court error. She only cites a case which stands for the proposition that we may consider a copy of the separation agreement omitted from the legal file but appended to her brief. Mother's request is not supported by any factual or legal argument upon which to reverse the trial court's ruling. Point denied. *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

The judgment of the trial court sustaining mother's motion to modify the January 26, 1987 decree of dissolution is reversed. The denial of Count II of mother's motion seeking damages for father's failure to exercise visitation is affirmed.

CRANE, P.J., and CRAHAN, J., concur.