Brenda M. MEIERER, Respondent,

v.

Louis F. MEIERER, Appellant.

No. WD48049.

Missouri Court of Appeals,
Western District.

May 17, 1994.

James F. Crews, Tipton, for appellant.

Debra L. Moore, Sunrise Beach, for re-spondent.

Before HANNA, P.J., and
BRECKENRIDGE and ELLIS, JJ.

PER CURIAM:

Louis Meierer appeals from the trial court's award of attorney fees to his former wife which were incurred as a result of Louis's appeal from the decree of dissolution. Affirmed.

Louis and Brenda Meierer were married on December 18, 1983, and divorced on March 11, 1992. The trial court divided the marital property and awarded custody of the

couple's minor child to Brenda. In addition, Louis was ordered to pay child support, maintenance and $1,800.00 toward Brenda's attorney fees. Louis appealed and on December 8, 1992, this court affirmed the dissolution decree by a per curiam order with memorandum in support, 845 S.W.2d 45. Louis filed a motion for rehearing and a motion to transfer which were subsequently denied. On February 8, 1993, Brenda filed a motion for attorney fees in the circuit court alleging that she was without sufficient funds to pay the additional attorney fees incurred as a result of Louis's appeal. This court's mandate issued on February 24, 1993. Following a hearing on May 27, 1993, the court sustained the motion and awarded Brenda $500.00 in additional attorney fees. This appeal followed.

In his first point, Louis contends the trial court lacked jurisdiction to award attorney fees to Brenda for services rendered on appeal because the request was not made until after the conclusion of the appeal.

 Section 452.355 RSMo Cum.Supp. 1992 [1] specifically authorizes a trial court to award attorney fees which arise out of a dissolution proceeding. Section 452.355.1 provides in pertinent part:

> The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

Pursuant to such statute, the circuit court has jurisdiction to award attorney fees for services rendered on appeal even after the appeal has been filed. *Brucker v. Brucker*, 607 S.W.2d 444, 445 (Mo.App.1980). The circuit court may award attorney fees "whether the case is pending in the circuit court or the appellate court." *Schumann v. Schumann*, 830 S.W.2d 562, 563 (Mo.App.

1992) (quoting *In re Marriage of Brooke*, 773 S.W.2d 496, 499 (Mo.App.1989)).

Here, Louis argues that the trial court could not award attorney fees to Brenda for services rendered on appeal because she did not file her motion until after the conclusion of the appeal. The record shows that this court handed down its per curiam order with memorandum in support on December 8, 1992, and that Brenda filed her motion for attorney fees on February 8, 1993.

 Although the record reflects that Brenda did not file her motion for attorney fees until after the per curiam order had been handed down, the issuance of the per curiam order by the appellate court did not complete the appeal. *See Philmon v. Baum*, 865 S.W.2d 771, 774–75 (Mo.App.1993). An appellate decision remains subject to post-handdown motions, i.e., a motion for rehearing or transfer to the Missouri Supreme Court. *See id.* at 774. A mandate is not issued until after these possible avenues for further appellate review have been exhausted. *See id.* Generally, a decision of the appellate court is considered final at the time the mandate is issued. *See id.* Although Missouri courts have recognized a preference for trial courts to rule on motions for attorney fees on appeal at the time such requests are made, under § 452.355 the trial court does not lose jurisdiction to rule on such motions if it withholds such ruling until after the resolution of the appeal. *Schumann*, 830 S.W.2d at 564.

Since the mandate in this case was not issued until approximately two weeks after Brenda filed her motion for attorney fees, the appeal was not yet final at the time of her request. Therefore, we conclude the trial court had jurisdiction to award the additional attorney fees to Brenda for services rendered on appeal.

 In his second point, Louis contends that even if the trial court had jurisdiction, the award of an additional $500.00 for attorney fees was unsupported by the evidence.

---

[1]. All statutory citations are to Revised Missouri Statutes Cumulative Supplement 1992, unless otherwise indicated.

Specifically, Louis claims the trial court abused its discretion in awarding the attorney fees without considering any evidence as to Brenda's financial condition as required by § 452.355.

■ The trial court has considerable discretion in awarding attorney fees which arise out of a dissolution proceeding. *Calman v. Calman*, 796 S.W.2d 65, 68 (Mo.App. 1990). Absent a manifest abuse of discretion, the trial court's award of attorney fees will not be disturbed on appeal. *Meservey v. Meservey*, 841 S.W.2d 240, 248 (Mo.App. 1992). The party challenging the award bears the burden of showing that the award is "clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.*

Here, the court was well aware of the financial history of both parties. The motion for attorney fees was heard by the same judge who presided over the dissolution proceedings. In addition, the court took judicial notice of the entire file of the dissolution proceedings. The record indicates that at the time of the dissolution proceeding in March 1992, Louis had been self-employed for a period of fourteen years and his average monthly income was $1,472.00. The record further indicates that Brenda at that time had only a tenth grade education and had never worked outside the home during the marriage. At the hearing on the motion, Louis testified that he was employed as a drywall finisher and that his income had remained about the same for the past few years. Brenda testified that she was currently employed as a machinist and had no ability to pay her attorney fees. An affidavit was filed in support of the motion showing the amount of additional legal fees incurred by Brenda as a result of Louis's appeal. Although the affidavit stated that Brenda had incurred $2,900.00 in additional attorney fees, the court only awarded her $500.00. We also note that the additional attorney fees incurred by Brenda on appeal resulted as a consequence of Louis's own actions. In view of this record, we conclude that the trial court did not abuse its discretion in awarding the additional attorney fees to Brenda.

The award of the trial court is affirmed.