**David E. DAVIES, Respondent,**

v.

**Gayle S. DAVIES, Appellant.**

No. 65559.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 6, 1994.

Nancy S. Everett, Clayton, for appellant.

Susan M. Hais, James P. Carmody, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Gayle S. Davies ("wife"), appeals from the St. Louis County Circuit Court's decree of dissolution awarding respondent, David E. Davies ("husband"), monthly child support, retroactive child support, and educational expenses. We affirm as modified.

Husband and wife were married June 6, 1964, and had four children. The parties separated May 3, 1991. On July 24, 1991, husband filed a petition for dissolution of the marriage. Said petition contained no request for child support or educational expenses, retroactive or otherwise.

On October 24, 1991, husband filed a motion seeking, *inter alia*, an order *pendente lite* granting husband child support and educational expenses for the duration of the suit and retroactive to the filing of the suit. Two years later, on October 25, 1993, the case was tried before the St. Louis County Circuit Court. The following was adduced at the trial.

After the parties' separation in May of 1991, wife initially retained custody of the two younger children, Tiffany and Derek, while the older children, Scott and Kelly, were in husband's custody. Tiffany moved in with her father soon after the separation.

Approximately seven months before the trial in 1993, Derek also moved in with husband. Wife occasionally saw the children after they moved in with their father, but not on a regular basis.

Scott and Kelly both attended college during the pendency of the dissolution proceedings, living with husband during their summer and holiday breaks. At the time of the trial, all four children, three of whom were minors and/or unemancipated, resided with husband.[1] Wife did not contest husband's request for primary physical custody of the children.

In addition to the expenses incurred from having the children live with him, husband has paid and is paying on debts incurred on behalf of Scott and Kelly for their college tuition and expenses, and on behalf of Tiffany for special psychological counseling she needed. Wife testified she continued to pay for some of the children's medical insurance, and also purchased some of the children's necessities. Wife filed for bankruptcy in September of 1993. Neither party filed a Form 14 calculating the presumed amount of child support prior to the trial.

Husband offered his Form 14 at the trial. Husband asked for retroactive child support in the amount of $21,653. Husband also requested reimbursement equal to one half of the $38,000 in college expenses he had incurred to date on behalf of Scott and Kelly. Furthermore, husband proposed wife pay child support of $1,103 per month for the three unemancipated children, and one half of the prospective cost of the minor children's college education. Wife never entered a Form 14 on her own behalf.

Wife objected to admission of evidence regarding retroactive child support and educational expenses, arguing that husband had never specifically asked for these expenses in his pleadings or at any time prior to trial. Husband asked that the pleadings be amended to conform with the evidence adduced. The trial court overruled wife's objection and allowed evidence of arrearage of child support to be admitted.

---

1. The oldest, Scott, turned 22 in 1992 and was therefore emancipated by the date of the trial. Kelly was not a minor, but as a college student under 22 years of age, she was still unemancipated. Both Tiffany and Derek were minors.

On November 30, 1993, the trial court entered a decree of dissolution of the parties' marriage. The decree ordered wife to pay child support of $265 per month for each of the three minor and/or unemancipated children. The decree also stated:

5. Each party shall pay one-half of the cost each year for each of the minor children to attend a post-secondary college, university, or vocational/technical school, state or private, subject to the following limitations:

1) "Cost" shall include tuition, fees, books, dormitory costs for room and board. It does not include room and board while residing with each parent.

2) Each party is to pay one-half of the actual cost to the child, i.e., if child receives a scholarship or other aid which reduces cost, the "cost" does not include the amount of such scholarship or aid. For this purpose, loans to the student shall not be considered a "scholarship" or other "aid."

3) The child must carry at least a minimum number of credit hours each semester which, according to the institution the child attends, constitutes a full load.

4) The maximum cost which husband shall be responsible for in any given school year will be equivalent to one-half of the then cost for tuition, fees, books, and dormitory costs for room and board at the University of Missouri at Columbia, regardless of what institution the child attends.

6. Respondent [wife] shall pay to Petitioner [husband] the sum of $21,653.00 as and for retroactive child support for the minor children.

7. Respondent [wife] shall pay to Petitioner [husband] the sum of $19,000.00 as and for additional support for retroactive educational expenses for the minor children.

8. The retroactive child support and reimbursement for the children's college education expenses is to be considered child support, and shall not be dischargeable in bankruptcy.

Wife's appeal ensued.

■■■ Our review of decrees entered by a trial court sitting without a jury is exceedingly circumscribed. *Ederle v. Ederle*, 741 S.W.2d 883, 885 (Mo.App.E.D.1987). In court tried cases, we affirm the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Judgments or decrees should be set aside with caution and only with the firm belief that the decree or judgment is wrong. *Id.* Where neither party requests findings of fact and conclusions of law from the trial court, all fact issues are presumed to have been found in accordance with the judgment. *Rombach v. Rombach*, 867 S.W.2d 500, 505 (Mo. banc 1993).

Wife raises four points on appeal. First, wife contends the trial court erroneously applied the law in awarding $19,000 in retroactive educational expenses, because this amount was vague and unsupported by sufficient evidence. We disagree.

■■■ A trial court may, within its discretion, make an award of child support—including college expenses—retroactive. *Leahy v. Leahy*, 858 S.W.2d 221, 227 (Mo. banc 1993). Such a decision is subject to review only for abuse of discretion or erroneous application of the law. *Vehlewald v. Vehlewald*, 853 S.W.2d 944, 951 (Mo.App.E.D.1993). The decree ordering child support must be sufficiently certain in its terms to be capable of enforcement by execution in the manner provided by law, and must be in such form that it may be executed without requiring external proof and another hearing. *Stelzer v. Stelzer*, 871 S.W.2d 468, 469 (Mo.App.E.D. 1994).

■■■ We believe *Leahy v. Leahy* controls here. There, the Supreme Court noted that where the trial court sets out in its decree an exact numerical figure that the parent is obliged to pay in support, including retroactive college expenses, such an order is nei-

ther vague nor incapable of enforcement. *Leahy*, 858 S.W.2d at 226. Here, the court's order states the specific numerical amount to be paid by wife—one-half of the college expenses incurred by husband to date, or $19,-000.

Wife cites *In re Marriage of Hatch*, 851 S.W.2d 103 (Mo.App.S.D.1993) as authority for her argument that the trial court's award of retroactive college expenses was vague and unsupported by sufficient evidence. In that case, the Southern District ruled that the trial court's failure to include the limiting criteria set out in *Echele v. Echele*, 782 S.W.2d 430 (Mo.App.E.D.1989) in its order awarding reimbursement for past college expenses, rendered the order uncertain not only as to the amount due, but also to the nature of the obligation imposed; therefore, the order was unenforceable. *Hatch*, 851 S.W.2d at 108.

However, there was no reference to the *Echele* limiting criteria anywhere in the order at issue in *Hatch*. Here, the provisions of the decree regarding the minor children's college expenses mirror those set out in *Echele* in its example of an enforceable order. *See Echele*, 782 S.W.2d at 437. There is no uncertainty here as to the nature of the obligation imposed. The court's award of $19,000 in retroactive college expenses was neither vague nor incapable of enforcement. *See Leahy*, 858 S.W.2d at 226.

 Furthermore, this figure is supported by sufficient evidence. When determining the sufficiency of the evidence, the reviewing court accepts as true the evidence and inferences therefrom that are favorable to the trial court's decree, and disregards all contrary evidence. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). We give due regard to the trial court's opportunity to judge the credibility of witnesses. *Id.*

 Here, husband testified that $38,-000 was the amount he had incurred to date for Scott and Kelly's college expenses. Husband asks that wife pay half this amount, or $19,000. A party's testimony as to children's expenses is sufficient evidence upon which to base an award of child support. *Vehlewald*, 853 S.W.2d at 951. Such testimony need not be proved with absolute particularity, and the trial court may, at its option, accept or reject such evidence. *Id.* As such, there was sufficient evidence here upon which the court could base its award of retroactive college expenses. Point denied.

 For her second point, wife contends the trial court erred in admitting and considering, over her objections, evidence on retroactive child support and retroactive educational expenses, as husband failed to mention child support, educational expenses, or retroactivity in his petition for dissolution. We disagree.

Husband did not pray for retroactive child support or college expenses in his petition, but did request such support in his *pendente lite* motion and introduced evidence of these issues at trial. Wife objected to introduction of this evidence, arguing she had never been put on notice that retroactive child support was even an issue, as it had never been addressed in the petition or in the parties' settlement negotiations. Husband asked that his pleadings be amended in accordance with the evidence adduced, and the trial court agreed, overruling wife's objection.

Rule 55.33(b) states:

[i]f evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

The trial court has broad discretion in determining whether to allow the pleadings to be amended to conform to the evidence, and its decision will not be overturned absent a clear and palpable abuse of discretion. *Downey v. Mitchell*, 835 S.W.2d 554, 556 (Mo.App.E.D. 1992). This deferential standard is especially pertinent where the pleadings concern support of minor children. *Urbanek v. Urbanek*, 503 S.W.2d 434, 441 (Mo.App.St.L.D.1973).

We do not believe the trial court abused its discretion in this case. Admission of evidence as to retroactive child support did not prejudice wife's defense, as wife had been on

notice since October 24, 1991—the date husband filed his motion *pendente lite*, two years before the trial—that husband was seeking retroactive child support and educational expenses. We defer to the court's admission of husband's evidence regarding retroactive child support and its grant of leave to amend the pleadings to conform to this evidence. Point denied.

For her third point, wife contends the trial court erred in its calculation of the monthly child support and retroactive child support awarded to husband. Specifically, wife argues the court erred by not considering the issues of split custody or third party custody; by not providing for abatement; and by not complying with Rule 88.01 and Form 14.

▮▮▮▮ The party challenging the calculation of child support on the basis that it does not conform to the requirements of Rule 88.01, but who does not present a completed Form 14 calculating the "presumed child support amount" for inclusion into the legal file, fails to preserve this allegation of error for review. *Ibrahim v. Ibrahim*, 825 S.W.2d 391, 398 (Mo.App.S.D.1992). We have stated that an appellant seeking relief from a child support award without including a completed Form 14 does so at his or her peril. *Behnke v. Behnke*, 829 S.W.2d 45, 46–47 n. 5 (Mo. App.E.D.1992).

Wife, unlike husband, never completed and filed a Form 14. She failed to present any evidentiary basis for finding the trial court's calculation of child support erroneous. Consequently, her failure to file a Form 14 precludes her from challenging the trial court's calculation of child support on this ground.[2]

▮▮▮▮ Wife also argues the trial court erred in not providing for abatement or addressing split or third party custody of the children. Where neither party requests findings of fact and conclusions of law from the trial court, all fact issues are presumed to have been found in accordance with the judgment. *Rombach*, 867 S.W.2d at 505. Our review here is limited to determining whether there has been an abuse of discretion. *Vehlewald*, 853 S.W.2d at 951. We defer to the court's broad discretion in calculating child support. Point denied.

▮▮▮▮ For her final point, wife contends the trial court erred in ordering her to pay one half of the children's educational expenses, where there was insufficient evidence to support it. Wife takes particular issue with the decree's provision limiting husband's responsibility for educational expenses to an amount no greater than one-half of the cost for tuition, fees, books, and dormitory costs for room and board at the University of Missouri at Columbia, regardless of what institution the child attends. There is no corresponding limitation on wife's obligation to pay educational expenses.

During oral argument before this Court, both parties consented to modification of the decree so that it imposed equal limitations on husband and wife. Rule 84.14 allows this Court to give such judgment as the court ought to give. *McIlroy v. Simmons*, 832 S.W.2d 949, 952 (Mo.App.E.D.1992). Accordingly, we modify section 5, paragraph 4 of the dissolution decree to read as follows:

4) The maximum cost which **each party** shall be responsible for in any given school year will be equivalent to one-half of the then cost for tuition, fees, books, and dormitory costs for room and board at the University of Missouri at Columbia, regardless of what institution the child attends.

The decree's provisions regarding prospective educational expenses are otherwise affirmed.

Based on the foregoing, we affirm the decree of the trial court as modified.

REINHARD, P.J., and CRAHAN, J., concur.

---

2. *Brooks v. Brooks*, 871 S.W.2d 42 (Mo.App.E.D. 1993), cited by wife as support on this point, is inapposite. The challenge in *Brooks* concerned whether the mother had shown a substantial and continuing change in circumstances warranting modification of the decree; the calculation of the child support was not challenged by the father. *Brooks*, 871 S.W.2d at 44. Furthermore, the father's income exceeded the monthly maximum monthly income to which a Form 14 was applicable. *Id.* Therefore, no Form 14 was necessary on the father's part. *Id.*