**Ilene S. BROOKS, Petitioner/Respondent, Cross–Appellant,**

v.

**Jeffrey S. BROOKS, Respondent/Appellant, Cross–Respondent.**

**Nos. 67170, 67243.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 10, 1995.

Merle L. Silverstein, Jill A. Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, P.C., Clayton, for appellant.

Allan H. Zerman, Cary J. Mogerman, Zerman & Mogerman, L.L.C., Clayton, for respondent.

Before REINHARD, P.J., and KAROHL and WHITE, JJ.

PER CURIAM.

Former husband appeals judgment for wife's attorney fees which the court allowed for services rendered before a prior appeal in this case.

Wife's claim for attorney fees arose from her motion to modify a dissolution decree granted October 16, 1989. On September 8, 1992, the trial court modified the child support award and granted wife's prayer for attorney fees in the amount of $13,000.

In *Brooks v. Brooks*, 871 S.W.2d 42 (Mo. App.E.D.1993), (hereinafter *Brooks I*) husband appealed all aspects of the judgment modifying the decree. However, the issue of attorney fees was not briefed, argued or considered. Wife cross-appealed denial of her request for damages. We rejected her claim of error on the only issue she briefed, denial of damages. We reversed the modification which increased child support and automatic future increases because wife failed to meet the threshold burden of proving a sufficient change of circumstances to warrant a modification. *Id.* at 46. She did not prove an increase in expenses. *Id.* at 44. *Brooks*

*v. Brooks,* 871 S.W.2d 42, 44–45 (Mo.App. 1993).

This case comes before us a second time solely on the issue of attorney fees first awarded before the opinion in *Brooks I* and thereafter on a motion filed after the trial court interpreted *Brooks I* to hold the original award of fees was reversed. Husband contends the reversal of the judgment increasing child support also included a reversal of the judgment for attorney fees. We hold husband did not contest the judgment for attorney fees awarded before *Brooks I* and the judgment for those fees is final. The judgment for attorney fees was not briefed, argued or considered in *Brooks I*. Husband did not contest the amount of the award and does not now contest the amount.

■ The trial court did not abuse its discretion in awarding attorney fees to a mother who failed to prove the allegations in her motion to modify a dissolution decree to obtain increased child support. *Ramsdell v. Ramsdell,* 758 S.W.2d 202, 204 (Mo.App. 1988). The modification provisions and the award of attorney fees are separate issues. The reversal of one does not automatically reverse the other. The trial court's September 8, 1992 order of fees entered before the *Brooks I* appeal was not affected by the opinion in *Brooks I*. For that reason, the new judgment for the same fees must be reversed. It was error as a matter of law because it was entered in the belief the original judgment for fees was reversed in *Brooks I,* but subject to reconsideration on a new motion, a motion authorized by *Schumann v. Schumann,* 830 S.W.2d 562, 563 (Mo.App. E.D.1992).

The judgment for attorney fees granted on October 24, 1994 is reversed.